KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY OF TEXAS v. CITY OF SWEETWATER.

Decided July 2, 1910.

**1.—Railroads—Removal of Offices and Shops—Injunction—Pleading.**

In a suit by a city to restrain by injunction a railroad company from removing its general offices, shops and roundhouse from said city to some other place, on the ground that said company had contracted with said city, upon and for a valuable consideration, to establish, keep and maintain said offices, shops and roundhouse in said city, petition considered, and held to set forth a good cause of action entitling plaintiff to the injunction.

**2.—Same—Contract—Evidence—Statements of Officers.**

The issue being whether a railroad company had contracted to keep and maintain its shops and other buildings at a certain town in consideration of the town granting it a right-of-way over its streets and alleys, testimony as to the statements of the president, vice-president, chief executive officer, general attorney and one of its directors, concerning the erection of said structures and improvements in the town and the company's intention with respect thereto, was competent and relevant evidence.

**3.—Same—Statute of Frauds.**

A contract capable of being executed and which was in fact executed by one of the parties thereto within a year of its making, is not within the stat-

ute of frauds. This rule applied to a contract between a city and a railroad company whereby the company agreed to build and maintain its shops and other structures in said city in consideration of a conveyance by the city to the company of a right-of-way over certain streets and alleys.

#### 4.—Municipal Corporation—Power to Contract.

A municipal corporation may make a valid and binding contract with a railroad company, in the interest of itself and its citizens generally, for the establishment and maintenance of the company's shops in and at the town.

#### 5.—Railroads—Contract with City—Authority of Officer—Estoppel.

A railroad company which accepted and continued to use the benefits of a contract made by its officers with a city, will not be heard to say that said officers had no authority to make said contract.

#### 6.—Same—Statute Construed.

The use of the word "contract" and "contracted" in article 4367, Revised Statutes, was according to the common acceptation of those terms, and would, therefore, include all the methods of contracting known to the law, whether the terms of the contract were express or only implied and whether written or verbal.

#### 7.—Verdict—Correction—Practice.

A jury returned into court a general verdict in favor of the plaintiff; the verdict was not sufficiently full and responsive to the issues submitted; counsel for plaintiff, under the direction of the court, prepared a form of verdict which was in accordance with the form prepared by the court and given to the jury in the charge, and expressive of the evident intention of the jury; they were then told to retire and consider the same and to strike out any part of such prepared form to which they did not agree; and, after considering the same, the jury returned it into court without making any changes whatever, except that it was signed by the foreman. Held, there was no error in the action of the court in permitting the correction of the verdict in said manner.

Appeal from the District Court of Scurry County. Tried below before Hon. C. C. Higgins.

*H. C. Hord, J. McD. Trimble, John A. Eaton, Smith, Hutcheson & Taylor* and *Hill & Lee,* for appellant.—Appellee's petition as a whole showed no such contract with or right in appellee as would entitle it to an injunction restraining the removal by defendant of its general offices, shops, and roundhouse from Sweetwater. Revised Statutes, article 4367; City of Tyler v. S. L. & S. W. Ry. Co., 91 S. W., 1; Galveston & W. Ry. Co. v. City of Galveston, 90 Texas, 407.

On consideration: Jones v. Holliday, 11 Texas, 414; Chitty on Pleading, star page, 293; 3 Ency. Pl. & Prac., 928-930; Felt v. Judd, 4 Pac., 243; Montgomery v. Auchley, 92 Mo., 129; Moore v. Waddle, 34 Calif., 145; Wheeler v. Hawkins, 101 Ind., 486; Decker v. Birhap, Morris (Ia.), 62; Poundstone v. Lewark, 4 Blackford's Rep. (Ind.), 173; Wooters v. I. & G. N. Ry. Co., 54 Texas, 294.

Who may maintain suit: House v. Houston Waterworks Co., 88 Texas, 233; 1 Chitty on Pl., 1; Barbour on Parties to Actions (2nd ed.), 19-20; Dicey on Parties to Actions (2nd ed.), pp. 12 and 97; Simpson v. Brown, 68 N. Y., 355; City of St. Thomas v. Credit Valley

R. R. Co., 15 Ont. App. Rep., 673 (36 Am. & Eng. Ry. Cases, 473);
15 Ency. of Pl. & Prac., 499-502; Wright v. Terry, 2 So., 6 (Fla.);
State ex rel. v. Loomis, 88 Mo. App., 500; Lewis v. Land Co., 124 Mo.,
685 (28 S. W., 672); Greenwood v. Sheldon, 31 Minn., 254 (17 N. W.,
478); Vrooman v. Turner, 69 N. Y., 280; State v. St. L. & S. F. Ry.
Co., 125 Mo., 617.

· Adequate remedy at law: 16 Cyc., 30-31; 11 Am. & Eng. Ency. of
Law, 199-200; 1 Pomeroy Equitable Remedies, sec. 299; High on In-
junctions (3rd ed.), sec. 28; Henzie v. Kemper, 18 S. W., 659; Buzard
v. Houston, 119 U. S., 347.

Action for damages: International & G. N. Ry. Co. v. Dawson, 62
Texas, 260; Houston & T. C. Ry. Co. v. Malloy, 64 Texas, 607; Gulf,
C. & S. F. Ry. Co. v. Jones, 17 S. W., 534; Houston & T. C. Ry. Co.
v. McKinney, 55 Texas, 176.

Specific performance can not be decreed: 26 Am. & Eng. Ency. of
Law, 93; 3 Page on Contracts, sec. 1633; Blanchard v. Detroit L. & M.
R. R. Co., 18 Am. Rep., 142; City of Marshall v. Texas & Pac. Ry. Co.,
136 U. S., 393; Strang v. Richmond P. & C. Ry. Co., 101 Fed., 511;
Armour v. Connolly, 49 Atl., 1117.

Effect of foreclosure: Arts. 4549 to 4550, Rev. Stats.; Williams v.
Texas Midland Ry. Co., 55 S. W., 130; Gulf, C. & S. F. Ry. Co. v. Newell,
11 S. W., 342; Thayer v. Wathem, 44 S. W., 906; T. C. Ry. Co. v. Lyons,
34 S. W., 362; Eddy v. Hinnant, 18 S. W., 562; Dallas, etc., Ry. Co.
v. Maddox, 31 S. W., 702; Dickey v. Ry. Co., 26 S. W., 685; Hoard v.
Ry. Co., 123 U. S., 222.

Right of action only in State: Missouri, K. & T. Ry. Co. v. Colburn,
38 S. W., 153.

No estoppel by representations or promises as to future intentions:
Edwards v. Dickson, 2 S. W., 718; 11 Am. & Eng. Ency. of Law, 425;
16 Cyc., 752; Bigelow on Estoppel (4th ed.), 555; Langdon v. Doud,
10 Allen, 433; Union M. L. Ins. Co. v. Mowry, 96 U. S., 546.

Appellee not being a party to the alleged contract between the Colo-
rado Valley Railway Company and the citizens' committee of Sweet-
water, could not allege or base any right of action thereon, or the recog-
nition thereof by said Stilwell or appellant. 15 Ency. Pl. & Pr., 499-
503; 30 Cyc., 59; St. L. A. & T. Ry. Co. v. Harris, 73 Texas, 381; House
v. Houston Waterworks Co., 88 Texas, 239; State ex rel. Loomis, 88
Mo. App., 500; Lewis v. Land Co., 124 Mo., 685 (28 S. W., 672);
Greenwood v. Sheldon, 31 Minn., 254 (17 N. W., 478); Vrooman v.
Turner, 69 N. Y., 280; State v. St. L. & S. F. Ry. Co., 125 Mo., 617.

The granting to appellant of the right-of-way for its tracks over the
public streets did not constitute or create such a contract between appel-
lee and appellant, for a valuable consideration received by it, as would
compel it to establish and always maintain its offices, etc., in Sweet-
water; and did not constitute such contract in the meaning of the law
as would entitle appellee to the injunction to restrain appellant from

removing its offices, etc., therefrom. Rev. Stats., arts. 4426-4438; Galveston & W. Ry. Co. v. City of Galveston, 90 Texas, 407.

Appellee's right to an injunction restraining appellant from removing its general offices, machine shops, and roundhouse could be based on an express contract only, made by appellant for a valuable consideration received by it, and could not arise out of either an implied contract, or an equitable estoppel. Rev. Stats., art. 4367.

Appellee was not entitled to the injunction restraining appellant from removing its general offices, machine shops, and roundhouse from Sweetwater, because if its petition showed any right of action, it was one for which it had an adequate remedy at law. 16 Cyc., 30-31; 11 Am. & Eng. Ency. Law, 199-200; 1 Pomeroy's Equitable Remedies, sec. 299; Henzie v. Kempner, 18 S. W., 659; Buzard v. Houston, 119 U. S., 347.

The directors, officers, or members of the executive committee of a railway company, acting without corporate authority conferred upon them by the board of directors, have no power or authority by virtue of their offices to bind a railway company to locate and maintain its offices, shops, and roundhouse at any particular place; and the allegations of said petition failing to show that Trammell and McCaulley or said Stilwell, though directors, officers, and members of the executive committee of appellant company, acted in the making of the alleged contract, or recognitions thereof, by authority conferred upon them by the board of directors of appellant, were insufficient, and did not show any authority for the making of said contract, which would bind appellant to establish or maintain at Sweetwater its said offices, machine shops, and roundhouse. Revised Statutes, arts. 4379, 4386, 4387; Thompson's Commentaries on Corporations, secs. 4627, 4632, 4647; Chicago, R. I. & P. Ry. Co. v. Union Pac. Ry. Co., 47 Fed. Rep., 15; Cook on Stock and Stockholders, sec. 716; Elliott on Railroads, sec. 283; Temple v. Dodge, 32 S. W., 514; Houston & T. C. Ry. Co. v. McKinney, 55 Texas, 176; Nicholstone City Co. v. Smalley, 51 S. W., 527; 10 Cyc., 774-775; 21 Am. & Eng. Ency. Law, 864-865; 1 Elliott on Railroads, sec. 260-268; Calumet Paper Co. v. Haskell, 144 Mo., 331; Kansas City Hay Press Co. v. Devol, 72 Fed., 717; First Nat'l Bank of Ft. Scott v. Drake, 35 Kan., 564; Browning v. Hinkle, 51 N. W., 605; Allemong v. Simmons, 23 N. E., 768.

The representations and assurances made to the city council of Sweetwater, or agreements with or promises to said council by R. L. McCaulley about or for the location of appellant's general offices and machine shops, as an inducement to or consideration for the granting to the defendant of the right-of-way over and along certain streets in said city, would not be admissible in evidence without first showing that said McCaulley had been authorized by appellant to make such representations, assurances, agreements, or contract. Revised Statutes, arts. 4379, 4386, 4387 and 4391; Houston & T. Co. Ry. Co. v. Hill, 63 Texas, 384; Missouri, K. & T. Ry. Co. v. Faulkner, 88 Texas, 651; Missouri, K. & T. Ry. Co. v. Belcher, 89 Texas, 431; Missouri, K. & T. Ry. Co. v. Belcher, 32 S. W.,

519; Houston & T. C. Ry. Co. v. McKinney, 55 Texas, 176; Temple v. Dodge, 32 S. W., 514; East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133; Thompson's Commentaries on Corporations, secs. 4627, 4632 and 4647; Cook on Stock, Stockholders and Corporation Law, 716; 10 Cyc., 903; 21 Am. & Eng. Ency. Law, 852; Morawetz, Private Corporations, sec. 537; 1 Elliott on Railroads, sec. 283; Chicago, R. I. & P. Ry. v. Union Pacific Ry. Co., 47 Fed., 15.

The ordinance not showing or indicating by its terms that it was granted upon the condition that appellant should establish and maintain its offices and shops at Sweetwater, and there being nothing to show that appellant had any knowledge or notice that any such representations or promises had been made by said McCaulley, the same would not bind appellant. Revised Statutes, arts. 404, 408, 4438; Gano v. Palo Pinto Co., 71 Texas, 102; East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133; Weaver v. Gainesville, 21 S. W., 318; Byars v. Byars, 32 S. W., 925; Galveston, H. & S. A. Ry. Co. v. Pfeuffer, 56 Texas, 72; Houston & T. C. Ry. Co. v. McKinney, 55 Texas, 176; Missouri, K. & T. Ry. Co. v. Faulkner, 32 S. W., 883; Missouri, K. & T. Ry. Co. v. Belcher, 32 S. W., 518.

Arguments, representations or statements made by R. L. McCaulley and Thomas Trammell to induce the witnesses or others to vote for the assumption of waterworks bonds, were incompetent, irrelevant, and immaterial. Baker v. Ashe, 80 Texas, 356.

The court erred in instructing the jury that they could find for appellee upon an implied contract. Rev. Stats., art. 4367; 15 Am. & Eng. Ency. Law, 1078.

Contracts can not arise out of mere representations as to what will be done. Mere representation is only an expression of expectation as to what will be done, and not a contract to do it. 9 Cyc., 276.

A contract with the city can only be made by or with its governing body, and the representations and assurances made by Sylvester and others that the appellant would locate and maintain its offices, shops, and roundhouse at Sweetwater, did not constitute a contract between appellant and appellee to do so, even if the city council learned of and acted upon them in granting the right-of-way of its streets. Bryan v. Page, 51 Texas, 532; Penn v. Laredo, 26 S. W., 636; Wagner v. Porter, 56 S. W., 560.

The statements or representations made by the officers of appellant company did not create an obligation by estoppel upon appellant to locate its offices, shops, and roundhouse at Sweetwater. Statements of expectation and representations as to the future do not constitute the basis of an estoppel. The statements or representations to work an estoppel must be made as to a past or present fact. Edwards v. Dickson, 2 S. W., 718; 11 Am. & Eng. Ency. Law, 425; 16 Cyc., 752; Biglow on Estoppel (4th ed.), 555; Langdon v. Doud, 10 Allen, 433; Union Mut. Insurance Co. v. Mowry, 96 U. S., 546.

The jury returned into court a general verdict, reading: "We, the

jury, find for plaintiff as prayed for in the petition. J. C. Maxwell, Foreman." The court handed the verdict to counsel for appellee and asked if it was sufficient in form; and thereupon counsel for appellee asked permission of the court to write a form of verdict, which was granted, and he thereupon wrote a verdict on a separate sheet of paper as follows: ' "We, the jury, find that the defendant company contracted, for a valuable consideration, to locate and keep the general offices, and the machine shops, and the roundhouse of the defendant company at the city of Sweetwater; and we find for plaintiff as prayed for in its third amended original petition," which verdict, so written, was handed to the jury by the court with the instructions to retire to the jury room and prepare their verdict on that, and to strike out any part thereof to which they did not agree. Whereupon the jury retired, and afterwards returned the verdict as written by appellee's counsel, without change, except having the name "J. C. Maxwell, Foreman" signed thereto; to which action in permitting the verdict to be so changed and amended, appellant objected because the original verdict was sufficient in form, and there was no warrant in law or reason for so amending the same, which objections were overruled and appellant reserved its bill of exception.

Appellee can not by injunction compel the specific performance of the alleged contract to locate and build the shops and roundhouse of appellant's road at Sweetwater. 26 Am. & Eng. Ency. Law, 93; 3 Page on Contracts, sec. 1633; Blanchard v. Detroit L. & M. Ry. Co. (Mich.), 18 Am. Rep., 142; City of Marshall v. Texas & Pac. Ry. Co., 136 U. S., 393; Strang v. Richmond P. & C. R. R. Co., 101 Fed. Rep., 511; Armour v. Connolly, 49 Atl., 1117.

Municipal corporations can exercise only such powers and make such contracts as are authorized by the Constitution and statutes under which they are created, and appellee was without power or authority to make a contract for the location of appellant's general offices, machine shops and roundhouse at Sweetwater. Article 1, section 3, Constitution of Texas; City of Cleburne v. G., C. & S. F. Ry. Co., 66 Texas, 461; City of Cleburne v. Brown, 73 Texas, 446; Edwards County v. Jennings, 33 S. W., 585; Covington & M. R. Co. v. Mayor, etc., of Athens, 11 S. E., 663; Joplin v. Leckie, 78 Mo. App., 8; 20 Am. & Eng. Ency. Law, pp. 1139, 1140, and authorities cited.

The evidence does not show that appellee was a party to or in any way concerned in the contract between the Colorado Valley Railway Company and the citizens' committee of Sweetwater, or paid anything to the consideration therefor, and if it ever had any rights or equities thereunder, the same were extinguished by the foreclosure and sale of said railway company's franchises, rights and property. Articles 4549, 4550, Revised Statutes; Williams v. Texas Midland Ry. Co., 55 S. W., 130; Gulf, C. & S. F. Ry. Co. v. Newell, 11 S. W., 342; Thayer v. Wathem, 44 S. W., 906; Texas C. Ry. Co. v. Lyons, 34 S. W., 362; Eddy v. Hinnant, 18 S. W., 562; Dallas, etc., Ry. Co. v. Maddox, 31 S. W., 702;

Dickey v. Ry. Co. (Mo.), 26 S. W., 685; Hoard v. Ry. Co., 123 U. S., 222.

*Johnson & Edwards, A. H. Kirby, R. C. Crane, Beall & Beall, W. W. Hamilton, A. C. Wilmeth* and *C. P. Woodruff,* for appellee.—Even though Sweetwater was not incorporated prior to 1902, it could after its incorporation avail itself of reaffirmation of said contracts made subsequent to its incorporation, and it is not necessary for the city to have been legally incorporated when the right arose. Alexander v. Bell County, 22 Texas, 363 (reprint, p. 350); Clayton v. Hallett, 97 Am. St. Rep., 127; City of Llano v. Llano, 23 S. W., 1008; Simkins on Contracts, p. 91; Clark on Contracts, p. 201; Smith on Contracts, Nos. 258, 729; Perry on Trusts (5th ed.), secs. 38, 45, 240, 248.

Even if injunction will not lie to compel the specific performance of an executory contract, it will to prevent the breach of such contract. 22 Cyc., pp. 844-45 and cc. note, 17-18; Standard, etc., Co. v. Siegel-Cooper Co., 68 Am. St. Rep., 749, 157 N. Y., 60; Duff v. Russell, 14 N. Y. Supp., 134; Spelling on Ex. Remedies, 2nd ed., ch. IX.

The adoption, ratification and assumption of an obligation by a third party as a part of the consideration of a contract, makes it the original obligation of the party assuming it. 9 Cyc., pp. 380-387, do., p. 712; Thompson on Corporations, 2nd ed., sec. 2056.

An injunction will lie to prevent a railway company from removing its general offices, etc., in violation of its contract, made for a valuable consideration, to maintain them at a given place regardless of any other remedy which might exist. Rev. Stats., art. 2969; Sumner v. Crawford, 91 Texas, 129; City of Tyler v. St. L. & S. W. Ry. Co., 99 Texas, 494.

A contract made by the vice-president of a railway company, he being its chief executive officer in the State, for location of its general offices, said contract being acted upon by the company, and the benefits thereof being accepted by the company, is binding upon the railway company. City of Tyler v. St. L. & S. W. Ry. Co., 99 Texas, 494; 9 Cyc., p. 387.

The consideration of a contract even though the contract be in writing, may be shown by parol, and where the contract is made by the chief executive officer of a corporation, such corporation has notice of the consideration, whether any be stated or not.

On parol evidence to show consideration: 3 Ency. of Ev., pp. 372-373; 9 Ency. of Ev., pp. 345-346; Sherman Oil & Cotton Co. v. Dallas Oil & R. Co., 77 S. W., 961; Howell v. Denton, 68 S. W., 1002; Henry v. McCardell, 15 Texas Civ. App., 497 (40 S. W., 172); Thomas v. Hammond, 47 Texas, 52.

On notice to agent of corporation being notice to corporation: 2 Thompson on Corporations (2nd ed.), chaps. 59-60; 2 Cook on Corporations (5th ed.), 727; Missouri, etc., Ry. v. Belcher, 88 Texas, 551; Missouri, etc., Ry. v. McFadden, 89 Texas, 145; Holly Mfg. Co. v. New Chester, etc., Co., 48 Fed. Rep., 879.

Declarations and admissions of the vice-president in Texas and chief executive officer of a railway company are admissible as against the company, and no necessity exists for the party offering such evidence to show that such officer has been authorized by the board of directors to make such admissions.  2 Thompson on Corporations (2nd ed.), chap. 53; City of Tyler v. St. L. & S. W. Ry. Co., 99 Texas, 499; St. James Co. v. Security Trust & Ins. Co., 82 App. Div. (N. Y.), 242-81, N. Y. S., 739; St. Louis, etc., R. Co. v. Kirkpatrick, 52 Kans., 104, 39 Pac., 400; Streeten v. Robinson, 102 Cal., 542, 36 Pac., 946; Kentucky Land, etc., Co. v. Wallace, 21 Ky. L., 1601, 55 S. W., 885.

The assumption of the bonds by the city being in the nature of an additional consideration passing from the city to appellant for the performance of the contract already made, it was relevant to show the motives prompting the city council in passing the ordinance.  7 Cyc., 713; 9 Cyc., 354; Heisch v. Adams, 81 Texas, 98; Rose v. Railroad Co., 31 Texas, 60; Williams v. Rogan, 59 Texas, 440.

The president of a railway corporation has the authority to bind the company by a contract for the location of machine shops and division point.  City of Tyler v. St. L. & S. W. Ry. Co., 99 Texas, 494.

The designation by sign boards on the ground of the locations reserved for machine shops, general offices, etc., for the company placed there under the direction of the agents of the company and pointed out by Sylvester, the vice-president, as such locations, were competent as admissions and declarations to show, in connection with other facts, the existence of a contract on the part of the company.  2 Thompson on Corporations, chaps. 53 and 59.

SPEER, Associate Justice.—The city of Sweetwater brought this action against the Kansas City, Mexico & Orient Railway Company of Texas to restrain it by injunction from removing its principal offices, machine shops and roundhouse from the city of Sweetwater, and from a judgment in plaintiff's favor defendant has appealed.

In the view we take of the case it will be altogether unnecessary to notice in detail the many assignments of error presented by appellant. We will content ourselves with the expression of our conclusions of law upon the few issues presented.  Many of appellant's assignments become immaterial in view of the restricted issues submitted in the court's charge.  Since nearly every paragraph of that charge is itself made the basis of one or more assignments of error, the charge as a whole is here set out:

"Gentlemen of the Jury:  1st.  In this case you will have with you the plaintiff city's third amended original petition for a statement of its cause of action, and the defendant railway company's second amended original answer for a statement of its grounds of defense.

"2nd.  You will not consider, however, the clauses and paragraphs in the plaintiff's third amended original petition which are embraced within the several marks of parenthesis (), as the matters embraced in

parenthesis are by the court stricken out from the said pleading, and are not to be considered by you for any purpose whatever.

"3rd.   You are instructed, as the law of this case, that every railroad company chartered by this State, or owning or operating any line of railway in this State, shall keep and maintain permanently its general offices within this State of Texas, at the place named in its charter for the locating of its general offices; and if no certain place is named in its charter where its general offices shall be located and maintained, then said railroad company shall keep and maintain its general offices at such place within this State where it shall have contracted or agreed or shall hereafter contract or agree to locate its general offices for a valuable consideration; and if said railroad company has not contracted or agreed for a valuable consideration to maintain its general office at any certain place within this State, then such general offices shall be located and maintained at such place on its line in this State as said railroad company may designate to be its line of railway.   And such railroads shall keep and maintain their machine shops and roundhouses, or either, at such place or places as they may have contracted to keep them for a valuable consideration received; and if said general offices and shops and roundhouses, or either of them, are located on the line of a railroad in a county which has aided said railroad by an issue of bonds in consideration of such location being made, then said location shall not be changed; and this shall apply as well to a railroad that may have been consolidated with another as to those which have maintained their original organization.

"4th.   If you believe from a preponderance of the evidence in this case that the Panhandle & Gulf Railway Company, either in its original charter and amendment thereto, designated Sweetwater, the plaintiff, as the place where its general offices were to be located, and that said Panhandle & Gulf Ry. Co. is now the same railway company under the name of the Kansas City, Mexico & Orient Railway Company of Texas, the defendant herein, then in paragraph one of your verdict you will find that the defendant designated in its charter the plaintiff city as the location of its general offices.

"5th.   If you believe from a preponderance of the evidence in this case that the defendant, the Kansas City, Mexico & Orient Ry. Co. of Texas, either under that name or under the name of the Panhandle & Gulf Ry. Co., made and entered into a contract, either in writing or verbal, express or implied, with the city of Sweetwater for a valuable consideration received by said railway company; and that, based upon said consideration so received by said defendant, if any, the said defendant agreed to locate or keep and maintain their general offices, machine shops and roundhouse, or their general offices or machine shops or roundhouse, at said city of Sweetwater, you will find in the second paragraph of your verdict that the defendant, for a valuable consideration received by it, contracted with the city of Sweetwater to locate or keep and maintain its general offices, or its roundhouse, or its machine

shops, or all or any part of them that you may so find from a preponderance of the evidence that it did contract to locate or keep and maintain there, if any.

"6th.   Implied contracts come within the definition of the term contract, as the word contract is used in this charge, and if established by evidence is as binding as any kind of contract.   Law and equity would imply a contract between parties when their acts and transactions reasonably show or would authorize a finding that the minds of the parties met upon an agreement for a valuable consideration.

"7th.   Implied contracts, like expressed contracts, when sought to be enforced must be enforced by and between the parties making them, and persons not parties to the contract are not authorized to enforce them by a suit or otherwise; and if in this case you find that the defendant railway company, by its agents did represent to any person or persons in the city of Sweetwater that it would establish its roundhouse and machine shops or either of them at Sweetwater, but that said representations were not made by the defendant through its agents to the city itself through the agents of the said city, towit: the mayor and the city council or some of them, then the city would have no cause of action against the defendant by reason of such representations; and if you so believe, in the second paragraph of your verdict you will find that the defendant did not make a contract with the plaintiff city to locate, keep or maintain its roundhouse and machine shops in said city. But if you find from a preponderance of the evidence in this case that the defendant through its officers publicly represented to the citizens of Sweetwater that it would locate, maintain or keep its machine shops, roundhouse and general offices, or either of them, in the city of Sweetwater, and that the city of Sweetwater through its mayor or city council learned of such representations made by the defendant's officers, and that relying upon such representations made by the defendant's officers, if you believe that they were so made, the said city of Sweetwater, for and in consideration of the promise of the location of said general offices, machine shops and roundhouse or either of them at Sweetwater, and for no other consideration made a concession of a part of South First Street and other street crossings, and such concessions were made at the instance and request of the defendant through its officers, and that the officers of the defendant knew that such concessions were made in consideration of the location of any part or all of said railway improvements, then you will find a verdict for the plaintiff, stating what part of the said improvements the defendant agreed to locate, keep, or maintain in Sweetwater.

"8th.   You will not consider the question of the city of Sweetwater assuming the waterworks bond by election as any consideration for the basis of this suit; neither will you consider the subscriptions to the barbecue, or the purchase of lots of land for the Orient Addition from R. A. Musgrove as a consideration for the alleged contract sued upon.

"9th.   If you believe from the evidence in this case that the officers or officer of the defendant company made promises or agreements with the

plaintiff to locate its machine shops and roundhouse and general offices, or either of them, at Sweetwater for and in consideration of a concession of some street crossings and several hundred feet of one South First Street in said city; and that they made such contract, either express or implied, but that subsequent to the concession the city breached the contract by rescinding the order making the grant and passed another and different order for a less amount of grant than the order upon which said agreement was based, without the knowledge and consent of the defendant, you will find a verdict for the defendant on all the issues in the case, except as to the location of the general offices, and if you find that the charter of the Panhandle & Gulf Ry. Co. named the location of the Panhandle & Gulf Ry. Co.'s general offices at Sweetwater, then in addition to the foregoing verdict you will find that the Panhandle & Gulf Ry. Co. by its charter designated Sweetwater for its general offices.

"10th.   You will not consider the agreement of the Colorado Valley Ry. Co. to locate its roundhouse, machine shops and general offices at Sweetwater, if you believe it did agree to do so, as the agreement or contract of the city of Sweetwater with this defendant, unless you believe that the old agreement of the Colorado Valley Ry. Co. was known to both the plaintiff and the defendant through their officers, and, for an entirely new consideration received by the defendant from the plaintiff, both parties acting with knowledge of the contents of said contract renewed its terms and made its terms their contract.

"11th.   If the defendant railway company authorized and empowered the International Construction Company to procure rights-of-way and establish depots, roundhouses and machine shops on their railroad in Texas, then any agreement or contract made by said International Construction Company, if any, would be binding upon the defendant company.

"12th.   The plaintiff is required to make out its case by a preponderance of the evidence, and in case you believe it has failed to do so you will find for the defendant.

"13th.   You are the exclusive judges of the facts provided, of the credibility of the witnesses and of the weight to be given to their testimony, but are bound to receive the law in charge from the court and be governed thereby in arriving at your verdict."

Appellant by various assignments urges a general demurrer to appellee's petition.   Section VIII of the petition is as follows:

"In or about the month of May, 1903, while the defendant company, as aforesaid, possessed and was being operated under the name, Panhandle & Gulf Railway Company, and while the said Trammell & McCaulley, and R. L. McCaulley as vice-president and chief executive officer of defendant, were the duly constituted and acting right-of-way agents for the company, fully authorized to acquire and secure rights-of-way for the tracks, switches and other uses of that company and grounds for the location of its depots and other structures; and being fully authorized and empowered by that company to bind it in and by contracts

of the kind next hereinafter mentioned as a means of procuring such right-of-way and grounds, the defendant company possessing and being operated under the name Panhandle & Gulf Railway Company, as aforesaid; and while said R. L. McCaulley was first vice-president and chief executive officer of defendant in the State of Texas, acting by and through its duly constituted and fully authorized right-of-way agents, the said Thos. Trammell and R. L. McCaulley, and by said R. L. McCaulley as first vice-president and chief executive officer aforesaid, contracted and agreed with the city of Sweetwater, and by and through said city with all the citizens thereof (including the individual plaintiffs), that the general offices, the machine shops, roundhouse and a division point of the said railroad, then and now being operated by the defendant as aforesaid, would be located and always maintained in the city of Sweetwater, provided and in consideration that the said city would grant and convey unto the said defendant company an easement and right-of-way through, along and across certain of the public streets and alleys of said city for the construction, maintenance and operation of the tracks, sidetracks and switches of said company over, along and across said streets and alleys, towit, Nolan, South Third, Colorado, Galveston, Nueces and South First Streets, and the alley running east and west through block 27, of the first division of the city of Sweetwater. The city of Sweetwater thereupon accepted the terms of the said contract and made and entered into the same with the defendant company in the manner aforesaid and, within a year after the making of said contract, towit, on May 20, 1903, paid and performed its part and the consideration of the same by duly granting and conveying to the defendant and company under its former name, Panhandle & Gulf Railway Company, by an ordinance duly and regularly passed and adopted by the city council of said city, an easement and right-of-way over and along and the right to use and occupy the above named streets and alleys of said city. And since that time, pursuant to the said contract and the said ordinance passed in conformity with it, the said railway company has been and is occupying the said streets and alleys for the construction, maintenance and operation of its tracks, switches and other structures; and one of said streets the said company so occupies for a distance of 1200 feet, approximately; and the said contract and the said ordinance passed in conformity thereto constitute the sole and exclusive right or authority of the said railway company to use or occupy the said public streets and alleys, for said railway company did not and could not in any way known to the law acquire the right or authority to thus use and occupy said public streets and alleys in plaintiff city, except by voluntary grant on the part of the governing body of said city. Wherefore, the defendant company is legally and equitably bound by contract made by it for valuable consideration to locate and maintain the general offices, machine shops, roundhouse and a division point of its said railroad in the city of Sweetwater; and by reason of the statutes of Texas

and the additional reasons which will be hereinafter alleged the said contract should be enforced by injunction."

Upon the authority of the City of Tyler v. St. Louis & S. W. Ry. Co., 99 Texas, 491, we hold that appellee's petition sets forth a good cause of action entitling it to the relief sought and obtained in this case. It is well here to note that the verdict appears to be in accordance with the directions in paragraph five of the charge, and is as follows: "We, the jury, find that the defendant company contracted for a valuable consideration to locate and keep the general offices and the machine shops and the roundhouse of the defendant company at the city of Sweetwater, and we find for plaintiff as prayed for in its third amended original petition."

Numerous general and special exceptions are addressed to other parts of appellee's petition but in view of the special finding of the jury above set out upon the section of the petition quoted, the rulings on these demurrers, if erroneous, become immaterial, and we therefore will not discuss them at length. Likewise, the court's rulings in admitting evidence tending to support other sections of appellee's petition become immaterial in view of the finding under the charge; but we are not to be understood as intimating that these rulings were erroneous at all. On the contrary, we think all the evidence admitted tended in some measure to support appellee's contention that it had entered into a contract with appellant for the construction and maintenance of its general offices, machine shops and roundhouse at Sweetwater. The statements of its Vice-President Sylvester, of its Vice-President and Chief Executive Officer for Texas, McCaulley, its General Attorney for Texas, and Director Hord, and its President Stilwell, concerning the erection of these structures and improvements at Sweetwater and the company's intention with respect thereto, all tended in the direction last noted.

As before stated, practically every paragraph of the court's charge is made the basis of alleged error. Paragraphs one and two are complained of because of their generality and of the court's failure therein to explain to the jury the issues in the case, rather than to leave them, as it did, to determine from the pleadings what the issues of fact were. Paragraph five of the charge upon which the jury rendered its verdict did submit very specifically, however, the one issue of fact which is decisive of the merits of this case. Counsel for appellant very truthfully, but in view of the two hundred and forty-odd pages of their brief, perhaps unwittingly state under the sixty-fourth assignment of error that: "The only issue presented by the pleadings and evidence was whether the appellant had contracted with the appellee for valuable consideration received by it (appellant) to locate and maintain its general offices, machine shops and roundhouse at Sweetwater." This being true, and the verdict specifically affirming the facts in favor of appellee upon this issue, it is difficult to see how any error in the charge upon other matters not affecting this specific issue could possibly work a reversal of the judgment. So, the giving by the court of article 4367 of the Revised

Statutes in charge to the jury, though abstract and strictly speaking not applicable on the whole to the facts of this case, nevertheless could not have harmed appellant. The same may be said of the court's assumption, if the charge contained such assumption, that the defendant would not be permitted under the statute to change its general offices from the place named in its charter. So that on the whole case the only rulings, whether on pleadings, in the admission or rejection of evidence, or charges given or refused, which really demand consideration at our hands, are those affecting the issue submitted in paragraph five of the court's charge and specifically passed upon by the jury in its verdict. And here again, we think the case of the City of Tyler v. St. L. & S. W. Ry. Co., *supra,* decisive of most of the questions presented on this issue. Upon this authority we hold, therefore, that the contract sought to be enforced in this case was not within the statute of frauds, since it was capable of being executed and was executed in full by one party within a year from its making. We also hold that the city of Sweetwater as a municipal corporation was capable of entering into the contract alleged to have been made with appellant for the benefit of itself and citizens generally. That the granting to appellant of the right to certain of the streets and alleys within its corporate limits for right-of-way purposes constituted a sufficient consideration for the agreement of appellant to establish its general offices, machine shops and roundhouse at Sweetwater. That there was sufficient evidence of the authority of McCaulley, its first vice-president and chief executive officer for Texas, and Sylvester, another vice-president, to make the representations and agreements constituting appellant's part of the contract sued on herein. That if this were not so, under the undisputed facts that appellant company has actually accepted benefits of the contract with appellee and never to the day of trial has repudiated any of the benefits derived from it, it is in no position to urge that these officials acted beyond the scope of their authority in making the contract in controversy.

Again, we attach no importance to the attempted distinction sought to be made by appellant between the effect to be given to an express and implied contract, as applied to the facts of this case. The appellee alleged and the charge submitted generally the issue of contract *vel non,* and to our minds it would be altogether immaterial whether such contract was in writing or verbal, express or implied, and such we take to be the meaning of the paragraph of the court's charge submitting the issue. To hold with appellant that only an express contract by a railroad company would prevent its removal of its general office, machine shops, etc., would unnecessarily and unreasonably restrict the effect of article 4367 of the Revised Statutes, and would we think be to read into the statute something the Legislature never meant to place there. The use in the statute of the words "contract" and "contracted" was evidently according to the common acceptation of those terms, and would, therefore, include all the methods of contracting known to the law,

whether the terms were express or only implied and whether written or verbal.

Finally, there was no error in the court's permitting the correction of the verdict first returned by the jury. The jury were expressly told to strike out any part of the prepared form of verdict handed to them to which they did not agree, and after considering the same returned it into open court as their verdict without making any changes whatever. As thus corrected, the verdict was responsive to the form indicated in paragraph five of the charge. The evidence supports the verdict affirming that for valuable consideration received by it the appellant company has contracted to locate and keep its general offices, machine shops and roundhouse at the city of Sweetwater, and article 4367, Sayles' Texas Civil Statutes, in emphatic language declares in such case: "Said railroad company shall keep and maintain its general offices in such place within this State where it shall have contracted or agreed, or shall hereafter contract or agree, to locate its general office for a valuable consideration. . . . And shall keep and maintain their machine shops and roundhouse or either in such place or places as they may have contracted to keep them for a valuable consideration received." As said in the City of Tyler v. St. L. & S. W. Ry. Co., *supra:* "There is no public policy nor public interest to which courts may give precedence over the valid statute enacted by the legislative department."

Under these circumstances we are but doing our plain duty, as we understand it, in affirming the judgment of the court below, perpetually enjoining appellant from removing these structures from the city of Sweetwater.

The judgment is affirmed.

*Affirmed.*

Writ of error granted, reversed and rendered, 104 Texas, 329.