**COCHRAN COUNTY et al. v. BOYD et al.**
No. 3413.

Court of Civil Appeals of Texas. Amarillo. March 12, 1930.

Rehearing Denied April 2, 1930.

Lockhart, Garrard & Brown, of Lubbock, for appellants.

Schenck & Triplett, of Lubbock, and R. A. Fain, of Bledsoe, for appellees.

HALL, C. J.

The appellee Boyd, joined by four other property taxpayers of Cochran county, filed this suit to enjoin the county, the members of the commissioners' court, and the Attorney General of the state, from attempting to secure the approval of the road bonds of Cochran county and from approving the bonds and bond record.

The petition, at considerable length, sets out the history of the issuance of the bonds in question, the bonds involved being the identical obligations, the validity of which was questioned in the case of Caldwell et al. v. Crosser et al. (Tex. Civ. App.) 20 S.W.(2d) 822.

In this case, the regularity of the election is assailed upon the additional ground that the notice of the election was not published the required time in a newspaper of general circulation, which had been continuously and regularly published for a period of not less than one year, as required by Revised Statutes, art. 28.

The petition was presented to the judge of the Seventy-Second judicial district, who in an ex parte hearing granted a temporary injunction. From this order the county and its officials have appealed.

They assert two propositions, in substance, as follows: That the adjudication with reference to the validity of the bonds in question by this court in the case of Caldwell v. Crosser is res judicata, and is binding upon the taxpayers of Cochran county, and that all other taxpayers in the county are precluded by the holding of this court, sustaining the validity of the bonds, from attacking the bonds in subsequent suits upon the grounds urged in the former case, and that the trial court, therefore, erred in granting the temporary injunction.

In the case of Caldwell v. Crosser, the validity of the bonds in question was a material issue, and this court had declared them to be valid. A writ of error was refused by the Supreme Court. The judgment of the trial court was reversed and the cause remanded, and we must presume it is still pending upon the docket of the district court. That suit was filed by W. A. Crosser and two other resident, taxpaying voters of Cochran county.

■ As counter propositions, the appellees insist that this court cannot take judicial notice of its decision in the Caldwell Case, and that, because no plea of res judicata was urged in the trial court and the petition upon its face is good as against a general demurrer, the action of the trial court should be sustained. It is well settled that courts may take judicial knowledge of their own records and all judgments rendered in cases involving the same subject-matter and practically between the same parties. Sawyer v. First Nat'l Bank, 41 Tex. Civ. App. 486, 93 S. W. 151; Allen v. Thomson (Tex. Civ. App.) 156 S. W. 304; Abilene Independent Tel. & Tel. Co. v. Southwestern Tel. & Tel. Co. (Tex. Civ. App.) 185 S. W. 356; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Montgomery v. Huff (Tex. Civ. App.) 11 S.W.(2d) 237, and authorities cited.

■ It is true that in attacking the election and the bonds in the Caldwell Case the question of the validity of the bonds, because notice of the election had not been published in accordance with the provisions of Revised Statutes, art. 28, was not specifically raised, but Judge Jackson held that the bonds had been validated by the act of the Legislature, cited in the opinion, which we think is conclusive of all contentions which might be urged here, touching the regularity of the election proceedings. Moreover, that judgment is conclusive of all issues which might and should have been urged in that case.

What this court said in the case of Montgomery v. Huff, supra, quoting from the case of Crane v. L. & H. Blum, 56 Tex. 325, to the effect that the good of society, the preservation of rights and good order, require that, when the rights of parties have once been determined by the ultimate tribunal provided by law, the same should pass from the field of strife forever, is peculiarly applicable to this case.

■ The general rule is that, in the absence of fraud or collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents, citizens, and taxpayers, in respect to the matters adjudicated which are of general and

public interest, and that all other citizens and taxpayers similarly situated are virtually represented in the litigation and bound by the judgment, and this applies especially to judgments relating to the validity of county bonds. 34 C. J. 1028 § 1459.

The reason for this rule is stated by the same authority on page 1029, as follows: "If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself. * * * If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment." See, also, 15 R. C. L. 1035, § 510.

The Supreme Court has adhered to the rule in the case of Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224, 225, in which it is said: "The interveners were not parties to the suit of the K. C., M. & O. R. Co. v. City of Sweetwater, [62 Tex. Civ. App. 242, 131 S. W. 251; Id., 104 Tex. 329, 137 S. W. 1117] at the time the judgment of this court was entered, but they were citizens of that municipal corporation, and the important question in the case is reached by the announcement of the well-settled proposition of law that, if the matter adjudicated affected the interest of the public as distinguished from the private interest of the citizens of the city, although not parties to the suit, all citizens are concluded thereby."

We are therefore of the opinion that the court erred in granting a temporary injunction.

The judgment is therefore reversed and the injunction is dissolved.