### HODGKINS et al. v. SANSOM et al.
#### No. 14046.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 24, 1939.

Rehearing Denied Jan. 26, 1940.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellants.

Greathouse & Swanger and J. Elwood Winters, all of Fort Worth, for appellees.

BROWN, Justice.

On July 8th, 1939, James Hodgkins and Wm. F. Charbonneau, resident citizens and property taxpayers, residing in the confines of Rosen Heights Independent School District, a lawfully constituted public school district, brought suit in the 96th district court of Tarrant County against M. Sansom, Jr., J. R. Swart, C. H. Putnam,

Fred Hull, C. L. Matthies and E. I. Bearden, alleged to be duly elected, qualified and acting Trustees of said Independent School District, and against J. Earl Hodgkins, alleged to be acting as such Trustee, but that said Hodgkins is not in fact and has not been lawfully elected and that he is and was without power to act.

It is alleged that on May 26, 1939, at a purported meeting of said Trustees, the defendants, Bearden, Hull, Matthies and J. Earl Hodgkins, attempted to make and did make a purported order calling for an election to be held on Saturday, June 17, 1939, at the school house in said district, for the purpose of voting on the question of issuing bonds to erect either an addition to the old school buildings, or to erect a new building, and for making other improvements in and on the school properties.

It is alleged that J. Earl Hodgkins claims to have been elected as such Trustee at the regular school trustee election, held for and in such district on April 1, 1939, but that at the time of such election said Hodgkins "was either not a resident of said school district at the time of said election of April 1st, 1939, or removed from said district on April 4th, 1939, and has continued to reside outside of said district continuously ever since, and as such is either not entitled to be elected to the position of such Trustee at said election of April 1st, 1939, or since April 4th, 1939, has not been qualified to act as such Trustee; and that by reason of the aforesaid disqualification of the defendant, J. Earl Hodgkins, to act as such Trustee there was not a quorum of duly elected, qualified and acting Trustees of said District at the said meeting of May 26, 1939, at which the election for said bond issue was ordered; and that therefore and by reason thereof no valid order has ever been passed by a duly qualified Board of Trustees of said District calling such election."

These allegations are 'followed by those asserting that the combined maintenance and bond tax now being levied and collected by the said School District is the maximum allowed by law, namely, one dollar per hundred on the assessed values of the properties located in the District and that in order to discharge and pay the indebtedness of the district the assessed value of all property therein has been raised approximately one-third over the state and county assessed values of said property; that at the election held in said district on June 17, 1939, a majority vote was cast favorable to the issuance of the said bonds, "and that the defendants, or some of them, claiming to be a quorum of said Trustees, are planning to issue and negotiate said bonds, so voted, and to put the same in the hands of purchasers thereof."

It is alleged that if the bonds are issued and sold it will naturally result in an increase in the amount of lien created by issuance of the bonds upon the properties belonging to the plaintiffs, and an increase in the amount of taxes to be paid by the plaintiffs, "all of which will be to the great hurt and harm of plaintiffs, for which they have no adequate legal remedy."

The plaintiffs pray for a temporary writ of injunction restraining the defendants from issuing, negotiating and delivering the bonds to anyone, and that upon a final hearing the injunction be made permanent.

Upon presentation of such petition, the trial court granted plaintiffs' prayer for a temporary injunction and ordered a hearing had on July 14, 1939, requiring the defendants to appear and show cause why the injunction should not be granted as prayed for.

At such hearing, the defendants filed a general demurrer, a general denial and specially pleaded that the matters and facts set up in the plaintiffs' petition have been fully determined and adjudged in favor of the defendants by a final, valid judgment rendered by the said 96th district court, on June 16, 1939, in a prior cause entitled Earl Barksdale et al. v. M. Sansom, Jr., et al., and being numbered 25485-A on the docket of said court.

The cause being tried to the court, after hearing the testimony and receiving evidence, the trial court denied plaintiffs the injunctive relief sought, and they have appealed.

It was established before the court that J. Earl Hodgkins, when he was elected a Trustee of said school district, was a resident citizen and tax-payer of the same, but that early in April, 1939, Hodgkins' home burned and he was compelled to look for another place in which to live. Under such conditions and circumstances, Hodgkins found, rented and moved into a house in the same neighborhood, which, he testifies, he later learned was about 150 yards north of the line of the said school district.

It appears that at no time during which the acts complained of by plaintiffs were had and done did Hodgkins know that his then residence was not located within the borders of such school district. Furthermore, Hodgkins testified that it was not his intention to abandon his home site, but that he intended to rebuild as soon as he is financially able to do so.

We find the following situation in the prior suit, on which defendants rely for sustaining their plea of res judicata: Earl Barksdale, S. H. Shipe and J. M. Shaffer brought suit in the 96th district court against M. Sansom, Jr., J. E. Hodgkins, J. R. Swart, C. H. Putnam, Fred Hull, C. L. Matthies, E. I. Bearden, S. E. Watson, J. R. Foster and Rosen Heights Independent School District, and alleged practically the same facts set forth in the petition in the instant suit, and they prayed for a writ of injunction enjoining the defendants from holding the election on the question of the issuance of the bonds in controversy and that such injunction be made permanent.

This petition was presented to the court on June 14, 1939, a temporary restraining order was ordered by the court, and the cause set for a hearing on June 16th, 1939, and defendants ordered to appear on a "show cause order".

After defendants appeared and answered, and the evidence was heard, the district court rendered the following judgment:

"No. 25485–A.
"Earl Barksdale et al. vs. M. Sansom, Jr., et al.
"In the District Court, Tarrant County, Texas, 96th Judicial District.
"Judgment.
"On this the 15th day of June, 1939, came on to be heard the above entitled and numbered cause, came plaintiffs and defendants in person and by attorney and announced ready for trial, the court having heard the pleadings and evidence finds that the said J. E. Hodgkins was duly elected and qualified as trustee of the said Rosen Heights Independent School District and that he, the said J. E. Hodgkins, was a resident of the district at the time of his election towit: April 1, 1939, and for six months next preceding said date and that he has been at all times since and is now a resident of the district and is a duly elected and qualified trustee of said district and was so qualified on towit: the 26th

day of May, 1939, when the election herein complained of was called for the date of June 17, 1939, to vote on whether or not the said district would issue its bonds for $25,500.00 for improvements to said district school property and that said order calling said election was therefore valid and the court is therefore of the opinion that the said injunction should be denied.

"It is therefore ordered, adjudged and decreed that the plaintiffs take nothing and that said injunction be denied, that defendants go hence with their costs and that all costs of this proceeding be charged against plaintiffs for which let execution issue.

"(Signed)    A. J. Power
"Judge."

In the prior suit, the one question presented and litigated was the lawful authority to act as a Trustee on the part of Earl Hodgkins and the invalidity of all acts of the Board of Trustees in calling the election was bottomed on the allegation and charge that Hodgkins was not a duly elected, qualified and acting Trustee when these acts were had and done and that it required his presence and vote to establish a quorum of such Trustees.

That same question is the only one presented in this case.

■ It is elementary that the parties in the prior suit are to be held to the rule that all issues and questions which could have been raised in such suit are now deemed to have been raised and litigated.

The only question raised in the instant suit that was not presented in the prior suit is the fact issue that Hodgkins had moved out of the school district and had thereby vacated his office as Trustee when the acts of the Board complained of were had and done. This fact could have been ascertained and was one easily ascertained by the plaintiffs, in the prior suit, if such a condition obtained. Mercer et ux. v. Rubey, Tex.Civ.App., 108 S.W.2d 677, writ refused; Metropolitan Life Ins. Co. v. Pribble, Tex.Civ.App., 130 S.W.2d 332, writ refused.

In Cochran County et al. v. Boyd et al., Tex.Civ.App., 26 S.W.2d 364, 365, writ refused, the following is said:

"The general rule is that, in the absence of fraud or collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents,

citizens, and taxpayers, in respect to the matters adjudicated which are of general and public interest, and that all other citizens and taxpayers similarly situated are virtually represented in the litigation and bound by the judgment, and this applies especially to judgments relating to the validity of county bonds. 34 C.J. 1028, § 1459.

"The reason for this rule is stated by the same authority on page 1029, as follows: 'If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself. * * * If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment.' See, also, 15 R.C.L. 1035, § 510.

"The Supreme Court has adhered to the rule in the case of Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224, 225, in which it is said: 'The interveners were not parties to the suit of Kansas City, M. & O. R. Co. v. City of Sweetwater (62 Tex.Civ.App. 242, 131 S.W. 251; Id., 104 Tex. 329, 137 S. W. 1117) at the time the judgment of this court was entered, but they were citizens of that municipal corporation, and the important question in the case is reached by the announcement of the well-settled proposition of law that, if the matter adjudicated affected the interest of the public as distinguished from the private interest of the citizens of the city, although not parties to the suit, all citizens are concluded thereby.' "

In the prior suit the plaintiffs sought to prevent the election from being held, urging that if held, same would carry and they would be compelled to suffer the same injury that the present petitioners allege they will suffer if the bonds, authorized to be issued on the strength of such election, are issued and sold.

■ We are of opinion that the plaintiffs in the instant suit have been concluded by the judgment in the prior suit.

■ We do not share the opinion of appellants wherein they contend that the judgment in the prior case is not a final judgment.

In the former suit the petitioners prayed that the defendants be cited to appear and answer, that the court issue a temporary writ of injunction against the defendants, "and that upon further hearing said injunction be made permanent."

The temporary writ was issued, and the parties ordered to appear and show cause why the relief prayed for should not be granted, and upon a hearing the court, in its judgment, found and established the facts against petitioners' contentions, and "ordered, adjudged and decreed that the plaintiffs take nothing and that the injunction be denied, that defendants go hence with their costs and that all costs of this proceeding be charged against plaintiffs for which let execution issue."

No appeal was taken from this judgment and we hold that it is a final judgment.

Appellants rely upon the provisions of Section 14, Article 16 of the Constitution of Texas, Vernon's Ann.St., viz: "All civil officers shall reside within the State; and all district or county officers within their districts or counties, and shall keep their offices at such places as may be required by law; and failure to comply with this condition shall vacate the office so held."

■ We do not believe that these provisions of the Constitution were ever made or intended to apply to a situation such as we have before us. Here, we have a resident citizen of a school district, duly elected as a Trustee thereof, and who qualifies as such officer, and very shortly after his election his home burns and he moves into a rented house in the same community that he did not know was just a short distance outside of the boundaries of his school district and who would not, in all probability, have learned that he was not actually residing in the district had not the suit been filed long after he performed the duties of his office over which the suit has arisen. Furthermore, the trial court was warranted in believing that this Trustee's residence is being only temporarily maintained just outside of the school district, that he does not intend to abandon his residence therein but does intend to rebuild on his old home-site as soon as he is financially able to do so.

We do not find, under this record, that the Trustee ever intended to move from the school district, and we believe that a deliberate intention to do so, under the facts here, must control.

The judgment of the trial court is affirmed.