UNKNOWN HEIRS OF BUCHANAN v. CREIGHTON–McSHANE OIL CO. (No. 5489.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1915.)

1. ESCHEAT ☞8—OPERATION—EFFECT.
    Escheat proceedings under the statute vest, when regular, the title to the property sold in the purchaser, regardless of whether there are heirs of the person whose property is escheat-ed, and heirs, devisees, or legatees must assert their claim against the proceeds of the property.
    [Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 20–22; Dec. Dig. ☞8.]

2. ESCHEAT ☞8—SALE OF PROPERTY—EVIDENCE OF PLAINTIFF'S TITLE.
    In trespass to try title by plaintiff claiming under a conveyance from a purchaser of the property sold in escheat proceedings, recitals in the sheriff's deed and in the order confirming the sale of issuance of order of sale are, when received in evidence without objection, sufficient to show that a valid order of sale was issued.
    [Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 20–22; Dec. Dig. ☞8.]

3. APPEAL AND ERROR ☞204 — QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—OBJECTIONS—EXCEPTIONS.
    Admission of evidence to which an objection was not made and exception saved to the overruling thereof is not reviewable on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. ☞204.]

4. ESCHEAT ☞8 — PROCEEDINGS — ORDER OF SALE.
    Issuance of order of sale provided for in Rev. St. 1911, art. 3197, relating to escheat, need not be noted in the execution docket to be valid.
    [Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 20–22; Dec. Dig. ☞8.]

5. ESCHEAT ☞8—PROCEEDINGS—SALE—NOTICE—STATUTORY PROVISIONS.
    Under Acts 16th Leg. c. 139, providing for notice of sale in escheat proceedings, notice of sale need not be published.
    [Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 20–22; Dec. Dig. ☞8.]

6. APPEAL AND ERROR ☞1068 — QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.
    Where a requested instruction directing verdict for plaintiff was properly given, an assignment based on refusal of a charge as to damages demanded by defendant in his cross-action will not be considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. ☞1068.]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Trespass to try title by the Creighton-McShane Oil Company against the Unknown Heirs of Duncan Buchanan, deceased. From a judgment for plaintiff, defendants appeal. Affirmed.

W. D. Gordon, Thos. J. Baten, and J. S. Wheless, all of Beaumont, for appellants. Smith, Crawford & Sonfield, of Beaumont, for appellee.

MOURSUND, J. This is an action of trespass to try title, brought by appellee against the unknown heirs of Duncan Buchanan, deceased, to recover 1,280 acres of land in Hardin county. Plaintiffs also pleaded that it had acquired title by virtue of the statute of limitation of five years. Service was perfected by publication. D. F. Singleton was appointed attorney for the unknown heirs, and he filed a formal answer. J. P. Buchanan, and many others, most of them residents of North Carolina, filed an answer,

alleging that they were the known heirs of Duncan Buchanan. They filed a cross-action for the title and possession of the land, and for damages for timber removed by plaintiff. Plaintiff answered the cross-action with pleas of general denial and not guilty, and pleaded the two and four years' statutes of limitation as against the plea for damages. In answer to this plea of limitation, several of the Buchanan people pleaded the disability of minority, and others that of coverture. The court instructed a verdict for plaintiff, and, the same having been brought in, judgment was entered for plaintiff for the land and against defendants upon their cross-action.

The land in controversy was patented to Duncan Buchanan on May 6, 1841. J. P. Irvin bought said land at sheriff's sale, made by virtue of certain escheat proceedings had in the district court of Hardin county, Tex., and plaintiff under mesne conveyances holds such title as was acquired by said Irvin. The suit brought for the purpose of escheating said land was styled "State of Texas v. All Persons Interested in the Estate of Duncan Buchanan, Deceased, and Silas B. Turner, Claimant." It is admitted that all of the papers in said case are lost; that diligent search was made for the same without success. Plaintiff introduced in evidence the judgment rendered in said case, the sheriff's deed, the order confirming the report of sale made by the sheriff, and the docket entry made by the district court in said case. The judgment reads as follows:

"The State of Texas v. All Persons Interested in the Estate of Duncan Buchanan, Deceased, and Silas B. Turner, Claimant. No. 248. The above entitled and numbered cause came on regularly for trial on this 21st day of March, A. D. 1889, and citation in said cause having been issued, served and perfected in accordance with law, and the court having jurisdiction as conferred by law, the court thereupon appointed W. H. Nall, Esq., an attorney of the court to represent the interest of all persons interested in the estate of Duncan Buchanan, deceased, who filed an answer for them and Silas B. Turner, claimant, appeared by his attorney, T. J. Russell. Thereupon the state of Texas and the said defendants and the said claimant by their said attorneys announced ready for trial, waived a jury and submitted the facts as well as law to the court, and the court is of opinion, and so adjudges, that the material allegations of plaintiff's petition are true, and that the law and facts are in favor of the state of Texas. It is therefore ordered, adjudged, and decreed by the court that the state of Texas has good title to the following described tract of land, to wit: Twelve hundred and eighty acres of land lying and being in Hardin county, Texas, originally granted on the 6th day of May, A. D. 1841, by the republic of Texas to Duncan Buchanan by patent No. 115, vol. 1, and that said land be and the same is hereby escheated to the state of Texas and title vested therein and out of the defendants and claimant in accordance with law in such cases, and that the state of Texas be and is hereby seised and possessed of said land, and that a writ of possession issued in accordance with law and this decree. It is further adjudged and decreed that the value of said land is, and that the same be fixed at, 50 cents per acre, and that it be sold in accordance with law, and that the claimant, Silas B. Turner,

under his plea and answer, be allowed the sum of seventy-five dollars, the amount of taxes paid by him on said land to be paid out of the proceeds of the sale after deducting the commissions of the district attorney and the other officers of court as allowed by law, and that the sum of twenty dollars be allowed as a fee, and hereby taxed as costs, to W. H. Nall, attorney, for his services for said defendant, in same manner the clerk to pay said sums respectively as adjudged to the parties. It is further adjudged, ordered, and decreed that the clerk of this court issue all writs necessary to enforce this judgment and as provided by law, and that the state of Texas pay all costs herein incurred."

The deed from W. W. Lyon, sheriff of Hardin county, to J. P. Irvin, dated November 6, 1889, duly acknowledged and recorded, conveys the land in controversy, and contains the following recitals:

"Whereas, by an order of sale dated October 14, A. D. 1889, and to me as sheriff of Hardin county, Texas, directed and delivered said order of sale issued out of the district court of Hardin county, Texas, by the clerk of said court, and directing me as sheriff aforesaid to seise and sell as under execution the real estate hereinafter described. Said property having been escheated to the state of Texas as provided by law in such cases by the said court in cause numbered on the docket thereof 248 and styled the State of Texas v. All Persons Interested in the Estate of Duncan Buchanan, Deceased, and S. B. Turner, Claimant, and by judgment of said court the minimum price for said land was fixed at fifty cents per acre. And whereas, I, as sheriff aforesaid, on the 14th day of October, A. D. 1889, under and by virtue of said writ, did seise and levy upon the hereinafter described and the aforesaid property, etc., and after advertising the same for sale at public auction and outcry by posting written notices in three different public places in Hardin county, Texas, one of which was at the courthouse door in the town of Kountze, for over twenty successive days prior to the day of sale, I did on the 5th day of November, A. D. 1889, that being the first Tuesday in said month, and at the hour 3 p. m. on said day did sell at public auction at the courthouse door of Hardin county, Texas, to John P. Irvin for the sum of fifty cents per acre, aggregating six hundred and forty dollars, that being the highest and best bid offered for same, the following described tract of land, to wit: Twelve hundred and eighty acres originally granted to Duncan Buchanan by the republic of Texas, on 6th day of May 1841, by patent No. 115, vol. 1, as recorded in the General Land Office; said land lying and being in Hardin county, Texas."

The order confirming the sale was made October 2, 1890, and reads as follows:

"On this day came on to be heard the report and return of the sheriff upon the order of sale issued herein in due form of law on, to wit, the 14th day of October, A. D. 1889, and it appearing to the court that the order of sale issued herein under the judgment heretofore made in this cause at a former term of this court was issued in due form of law, and that the same was by the sheriff of said Hardin county levied upon the land described in plaintiff's petition, and that the proper legal notice of said levy and the time when said land should be sold was made as required by law, and that said land was sold by said sheriff at a price not less than the minimum price per acre fixed by the court in the judgment escheating said land to the state, to wit, the sum of fifty cents per acre, entered at a former term of this court, and it further appearing that the proceeds of the sale of said land in the aggregate amounts to the sum of $640 as shown by the return and re-

port of said sheriff, and that the legitimate costs and commissions together with the fee of $20 allowed as attorney fee to be charged up as costs, for W. H. Nall, Esq., appointed to represent the unknown defendants, and together with the judgment recovered by S. B. Turner herein for the sum of $75 to be paid out of said proceeds, all of which amounts to a sum total of $252.30, leaving the sum of $387.70 in the hands of said sheriff as net proceeds from said sale. It is ordered by the court that the said report be in all things approved and said sale confirmed to said purchaser, and that the sheriff pay over without delay to the proper officer the said net proceeds in such manner as provided by law. The printers' fee of $15 having been heretofore paid by the state, this sum also to be paid in the treasury of state."

The docket entry is as follows:

"No. 248, State of Texas v. All Persons Interested in the Estate of Duncan Buchanan. Kind of action, escheat. Date of filing, September 14, 1886."

The entry reading:

"Judgment escheating the land, minimum price fixed at 50 cents per acre. Defendant recovered amount of $75 taxes paid to be paid out of the proceeds of sale of land, and W. H. Nall, attorney, appointed by the court to defend suit, allowed a fee of $20, to be taxed as costs to come out of the proceeds of land. Dated March 21, 1889."

[1] Proceedings under our statutes relating to escheat, when regular, vest the title to the property sold in the purchaser regardless of the fact that there may have been heirs of the person whose property is escheated. The judgment is conclusive evidence of the state's title in the land against all persons interested in the estate. When the notice required by statute has been given, the court has jurisdiction to try the case. "The object of such proceeding is not simply to have a decree declaring the escheat, and vesting the title in the state, but by and through process, to be issued under the judgment, to divert not only the title of persons entitled to take property of the deceased as his heirs, if perchance any such there be, but also by a sale to divest the title of the state, and to start and confer upon the purchaser a new title deraigned directly from the sovereignty of the soil." After the property is sold under a valid decree, the claim of the person who might have taken it as heir, devisee, or legatee is against the proceeds of the property, which must be paid into the state treasury. There is therefore no merit in appellants' contention that the land could not escheat because upon the instant of Duncan Buchanan's death it vested in his heirs. Assignments 1 and 2 are overruled. In support of our holding, we cite the cases of Wiederanders v. State, 64 Tex. 133; Hamilton v. Brown, 161 U. S. 256, 16 Sup. Ct. 585, 40 L. Ed. 697.

[2] The third assignment reads as follows:

"The court erred in holding, in substance, that the escheat proceedings, as offered in evidence by the plaintiff, divested the title to the property in controversy out of the estate of J. P. Buchanan, and instructing the jury to return a verdict for the plaintiff, because the plaintiff failed to introduce in evidence or to show the issuance of any legal order of sale or execution authorizing the sale of the property by the sheriff under the judgment in the escheat proceedings, and offered no proof to show the loss of the execution docket of the court wherein said proceeding was pending; said order of sale and execution being essential to the validity of the sale by the sheriff."

No proposition is submitted under said assignment, and it is very doubtful whether it should be considered; there being apparently an effort to raise two or more questions. The contention sought to be made therein appears to be that the court erred in instructing a verdict for plaintiff because plaintiff failed to introduce in evidence or to show the issuance of any legal order of sale. Plaintiff did not introduce in evidence the order of sale for the reason that it was lost. The court did not err in refusing to require plaintiff to do what was impossible. Plaintiff did show the issuance of the order of sale by the recitals in the sheriff's deed and in the order confirming the sale. No objection was made to such recitals, and, the papers being lost, it must be held that they are sufficient to show that a valid order of sale was issued. Hill v. Templeton, 29 S. W. 535; Tompkins v. Creighton-McShane Oil Co., 160 Fed. 303, 87 C. C. A. 427.

[3, 4] It seems that appellants are seeking, not only to question the effect of the recitals as evidence, but also their admissibility, although no bill of exceptions appears in the record showing that the objection now urged was presented in the trial court, and overruled, and that exception was then saved to such ruling. Appellants say no proof was offered to show the loss of the execution docket, and we are left to infer that for such reason the recitals should not have been admitted in evidence. The question is not presented so as to require a ruling thereon; but, if it had been properly raised, we would hold that the issuance of the order of sale provided for in article 3197 (Statutes of 1911) is not required to be noted in the execution docket. The assignment is overruled.

[5] At the time the notices of sale were posted, as recited in the sheriff's deed, our statute did not require that notice of the sale of real estate under execution should be given by publishing the same in a newspaper. While the Acts of 1879, p. 152, provided for notice of the sale of land to be published in a newspaper upon written request of the defendant, it was not until the act of 1893 (Gammel's Laws, vol. 10, p. 441) that it became mandatory to advertise such sales in newspapers. We are therefore unable to see any merit in appellants' fourth assignment, wherein the contention is made that notice of the sale was not given as required by law.

[6] The fifth assignment is based upon the refusal of a requested charge relating to the damages sought to be recovered by defend-

ants in their cross-action. As the assignments complaining of the giving of a requested instruction in favor of plaintiff have all been overruled, it follows that said fifth assignment must be overruled.

The judgment is affirmed.