**RAILROAD COMMISSION et al. v. DYER et al.**

No. 8964.

Court of Civil Appeals of Texas. Austin.

Oct. 23, 1940.

Gerald C. Mann, Atty. Gen. and Geo. W. Barcus, Tom D. Rowell, Jr., and Ocie Speer, Asst. Attys. Gen., for plaintiffs in error.

No briefs filed for defendants in error.

BAUGH, Justice.

The issues presented on this appeal by writ of error arose as follows: In 1936 Joe Dyer, doing business as the Ozozo Refining Company, sued the Railroad Commission and others to restrain them from interfering with his sale and transportation of about 160,000 barrels of oil in storage in Rusk County; and to compel the Commission to issue to him tenders for such oil. The State intervened, alleging that all of said oil was illegal oil, asked that it be confiscated and sold, and the proceeds therefrom paid into the State Treasury. Numerous parties to the State's intervention were impleaded and cited. Final judgment was rendered after a trial on the merits in that suit on November 18, 1936, denying Dyer any relief, and confiscating numerous separately-described quantities of oil, among them 38,530 barrels located in tank No. 1 of the McMurrey tank farm. Appeal was prosecuted from that judgment by writ of error, the trial court's judgment affirmed by this court on February 23, 1938 (see 115 S.W.2d 1020), and application for writ of error dismissed by the Supreme Court on October 26, 1938.

Meantime, however, by consent decree on the issue of a supersedeas bond on appeal to this court, the trial court on January 19, 1937, ordered all of said oil sold, the proceeds to be paid into the registry of that court, there to be held until final disposition of the appeal, and if such judgment be affirmed that moneys realized from such sale, less expenses, be paid into the general funds of the State. The oil, specifically described, was sold at 98 cents per barrel and the funds, totaling $156,000, were paid into the registry of the court.

After all these proceedings were had, but before the return of the mandate from this court to the trial court, the defendant in error here, the McMurrey Petroleum Corporation, which had not been a party to any of the former proceedings, filed in the trial court on December 12, 1938, an unverified motion in which it, for the first time, asserted that it owned tank No. 1

on the McMurrey tank farm; that it owned 5,722 barrels of 38,530 barrels of oil confiscated and sold by the State from that tank, and prayed that the court order the clerk to pay to it $5,607 of the funds still in the registry of the court. None of the parties to the original proceedings were cited on this motion. The Attorney General filed an answer to said motion in which he, in effect, advised the trial court that the State did not know anything about the facts alleged in the motion and prayed the court to make "such inquiry as is pertinent, and that such orders be entered as the facts and justice warrant." The trial court thereupon entered his order on December 12, 1938, the same day the motion was filed, based upon findings that the facts alleged in said motion were true, and ordered the clerk to pay to McMurrey Petroleum Corporation out of said funds the sum of $5,607.56. It is from this order that this appeal was taken by writ of error. The defendant in error has filed no brief herein.

█ It is clear, we think, that the trial court had no power on December 12, 1938, more than two years after rendition of the final judgment of November 18, 1936, to then modify that final judgment which had been affirmed on appeal. That is true regardless of what character defendant in error's pleading of December 12, 1938, designated as a motion, be considered to be.

Clearly, if the facts alleged in said so-called motion were true, the defendant in error had the right to have intervened in the original suit and assert its rights. But if treated as a plea in intervention, asserting title to a part of the subject matter of that suit, it manifestly comes too late when filed more than two years after final judgment had been entered disposing of all of the subject matter involved in the suit. See 32 Tex.Jur. § 35, p. 59, and cases cited; Mast v. Shipp, Tex.Civ.App., 123 S.W.2d 980.

If deemed a motion for new trial, it could not, when filed, have been considered under Art. 2232, R.C.S., and numerous decisions; not having been filed until several terms of court had expired after entry of final judgment, and then by one who was not a party to the suit.

Nor does such so-called motion meet the essential requirements of a bill of review prescribed by Art. 2236, in that it was not verified, not filed within two years after final judgment, and none of the parties to the original judgment were shown to have been cited.

We think that defendant in error's pleading partakes more of the nature of a motion to modify the final judgment of the court entered on November 18, 1936, than anything else. And if so treated, the trial court was clearly without power to grant the relief prayed for. That relief necessitated, as the trial court undertook to do, a revision and alteration of a final judicial determination of all the issues involved in the suit. It was in no sense an effort to correct a mistake or misrecital in the judgment, clerical or patent in nature, as authorized by Arts. 2228 and 2229, R.C.S. It was clearly an attempt to change a final judgment long after expiration of the term at which it was rendered, on the ground that the court had wrongfully adjudicated the issues involved in the original suit. This the court was clearly without power to do. Arrington v. McDaniel, 119 Tex. 148, 25 S.W.2d 295; Jones v. Bass, Tex.Com.App., 49 S.W.2d 723; 25 Tex.Jur. § 128, p. 521; § 152, p. 548.

█ Or, if said so-called motion be deemed a plenary suit, or equitable proceeding, predicated upon a wrongful act of the State in the sale of said oil; it could not have been maintained as attempted in the instant case. The State in its sovereign capacity had already, by final judgment, been awarded the proceeds from the sale of said property. A suit to recover a part of it by a third party, who was not a party to the original suit, would in essence be a suit against the State, which could be maintained only upon consent so to be sued, legally given. No such consent was shown.

It follows therefore that the order of the District Court of December 12, 1938, granting defendant in error's motion, the result of which was to modify the final judgment of November 18, 1936, was void. The judgment of the trial court is reversed and judgment here rendered setting aside the order appealed from.

Reversed and rendered.