STATE v. McMURREY PETROLEUM CORPORATION et al.

No. 6046.

Court of Civil Appeals of Texas. Texarkana.

Jan. 21, 1943.

Gerald C. Mann, Atty. Gen., Grover Sellers, Jas. D. Smullen, and Geo. W. Barcus, Asst. Attys. Gen., for appellant.

F. W. Fischer, of Tyler, for appellees.

HALL, Justice.

Appellant instituted this suit in the District Court of Smith County against appellees, the McMurrey Petroleum Corporation (dissolved) and its stockholders, seeking to recover the sum of $5,607.56, which it alleged was wrongfully paid to the McMurrey Corporation by the District Clerk of Travis County under and by virtue of a void order of the District Court of said county. The facts out of which this case grew are that sometime prior to November 18, 1936, one Joe I. Dyer and others brought an action in the District Court of Travis County, numbered 55031 on the docket of said court, against the Railroad Commission of Texas, seeking to restrain said Commission from interfering with the moving of approximately 160,000 barrels of petroleum, and seeking to force said Commission to issue a tender to cover shipment of said oil. The State of Texas was permitted to intervene in that suit, and by such intervention sought to confiscate the Dyer oil because of its illegal production. Trial was had in the Travis County District Court, and on November 18, 1936, judgment was rendered in favor of the State, confiscating said oil and ordering same sold to the highest bidder for cash. Dyer and his associates appealed from the judgment to the Court of Civil Appeals for the 3rd Supreme Judicial District at Austin. The judgment was affirmed. Dyer v. R. Commission, Tex.Civ.App., 115 S. W.2d 1020. On February 1, 1937, the 160,-000 barrels of oil were sold by the sheriff of Rusk County for $156,000, and on February 4, 1937, the Travis County District Court confirmed the sale of said oil, ordering the proceeds, less court costs and expenses of sale, deposited in the registry of said court. On December 12, 1938, while motion for rehearing was pending in the Court of Civil Appeals in cause No. 55031, McMurrey Petroleum Corporation, acting by and through its President, M. H. McMurrey, filed a motion in the District Court of Travis County in said cause, seeking to recover the sum of $5,607.56, which it alleged was the value of 5722.8 barrels of its oil claimed to have been wrongfully confiscated and sold under the judgment of November 18, 1936, and the sale of February 1, 1937. It was alleged in said motion that this 5722.8 barrels of oil was the property of the McMurrey Petroleum Corporation. On December 12, 1938, the same day said petition was filed, the District Court of Travis County ordered the District Clerk to pay to the McMurrey Corporation the sum of $5,607.56, being the value of the oil alleged to be owned by said Corporation, and on said date the clerk paid to the McMurrey Corporation said sum of money from the funds derived from the sale of the 160,000 barrels of oil. From this order the State appealed to the Court of Civil Appeals for the 3rd Supreme Judicial District. That court reversed said order, holding it to be void, and rendered judgment for the State. Railroad Comm. v. Dyer, 144 S.W.2d 375, w/d. In the trial of this case in the court below the State relied upon the judgments of the Austin Court of Civil Appeals in the two cases above referred to. Trial before the court resulted in judgment for appellees.

Appellant's points 1 and 2 are:

"1. The Court of Civil Appeals at Austin in its opinion, as recorded in Railroad Commission v. Dyer, 144 S.W.2d 375, having definitely held that McMurrey Petroleum Corporation was not entitled to the $5607.56 claimed by appellees, the trial court erred in refusing to enter judgment for the State of Texas, appellant herein.

"2. It being shown by the undisputed facts that McMurrey Petroleum Corporation had brought suit for the identical money involved in this litigation, outside of costs, in the District Court of Travis County, and obtained judgment therefor in the trial court, which judgment was by the Court of Civil Appeals reversed and judgment rendered holding McMurrey Petroleum Corporation was not entitled to recover, as shown by opinion recorded in Railroad Commission v. Dyer, Tex.Civ.App., 144 S.W.2d 375, the trial court erred in rendering judgment that appellees were not liable."

It is undisputed in this record that agents of the State of Texas, during the pendency of the confiscation suit against Dyer, sought and obtained permission from the McMurrey Petroleum Corporation to store in one of its 55,000-barrel tanks 32,-

506

808.2 barrels of the illegal oil; that this oil was stored in McMurrey's tank and intermingled with 5,722.8 barrels of McMurrey's oil which was in the tank at the time; that the judgment for the State confiscating and selling the Dyer oil also included the McMurrey oil as a part of the 160,000 total barrels sold. It is the money paid to the McMurrey Petroleum Corporation under the order of the District Court of Travis County of December 12, 1938, for the oil claimed by it, which forms the basis of this suit. In the confiscation suit, No. 55031, M. H. McMurrey, President of the McMurrey Petroleum Corporation, was impleaded by the State as shown by the record therein, but no judgment was rendered against him. The McMurrey Petroleum Corporation was not a party to the confiscation suit. Appellees, after setting out the order of the District Court of December 12, 1938, by which they received the proceeds from the sale of the 5722.8 barrels of oil owned by them, alleged as follows: "Defendant would show to the court that the State of Texas did take and convert to its own use and benefit the amount of oil belonging to this defendant as set forth in said judgment above quoted, and that said oil was of the value set forth in said judgment; and although the District Court of Travis County may have been without jurisdiction to make such determination of facts and order this defendant to be paid for such oil out of the funds in the hands of the Clerk of said court, which were the proceeds of the oil converted by the State from this defendant, because some of the parties to said suit had appealed to the Court of Civil Appeals, nevertheless, this defendant has received nothing except that to which it was entitled as payment of the oil, which the State wrongfully took from it and converted to its own use, and by reason thereof, the State ought not now in equity or good conscience be permitted to recover from the defendant that which was paid to it in good faith by the District Court of Travis County, and which it was, in equity and good conscience, entitled to receive."

The validity of the judgment of the District Court of Travis County confiscating the 160,000 barrels of oil, 5722.8 barrels of which belonged to the McMurrey Petroleum Corporation cannot be questioned here. The opinion and judgment of the Court of Civil Appeals for the 3rd Supreme Judicial District (Dyer v. R. Comm.,

Tex.Civ.App., 115 S.W.2d 1020) forecloses this issue against appellees until that judgment is set aside by a proceeding instituted for that express purpose. The Treasurer of the State v. J. B. Wygall, 51 Tex. 621. The effect of the confiscation judgment of the Travis County District Court and the sale thereunder was to vest title to said oil and the proceeds from the sale thereof in the State of Texas. Unknown Heirs of Buchanan v. Chreighton-McShane Oil Co., Tex.Civ.App., 176 S.W. 914. This is true for the reason that the action in the Travis County District Court confiscating and ordering the sale of said oil was one in rem, binding on Dyer and his associates and equally binding upon all other persons whether parties to that action or not. McCamant v. Roberts, 66 Tex. 260, 1 S.W. 260; Masterson v. Harris, 107 Tex. 73, 174 S.W. 570; Scott v. McKibben, Tex.Civ. App., 110 S.W.2d 72 (reversed by Sup.Ct. on other grounds, 131 Tex. 182, 114 S.W. 2d 213, 115 A.L.R. 1421); Freeman on Judgments (5th Ed.) Vol. 3, Sec. 1533; 34 Cor.Jur. 1171, Sec. 1660.

Furthermore, the order or decree of December 12, 1938, entered by the District Court of Travis County, by authority of which appellees were paid the sum of money now in controversy as compensation for the crude oil sold, alleged to belong to appellees, and upon which they rely in this suit, was held to be void by the Austin Court of Civil Appeals in R. Commission v. Dyer, 144 S.W.2d 375, 376, w/d. In that case the court said "It is clear, we think, that the trial court had no power on December 12, 1938, more than two years after rendition of the final judgment of November 18, 1936, to then modify that final judgment which had been affirmed on appeal. That is true regardless of what character defendants in error's [appellee McMurrey Petroleum Corporation's] pleadings of December 12, 1938, designated a motion, be considered to be. * * * It was clearly an attempt to change a final judgment long after expiration of the term at which it was rendered, on the ground that the court had wrongfully adjudicated the issues involved in the original suit. This the court was clearly without power to do." (Citing cases).

The above pronouncement is binding upon this court and forever invalidates the decree of December 12, 1938, upon which appellees rely. Appellant's points are sustained.

This conclusion renders unnecessary a discussion of the other points brought forward.

The judgment of the trial court is reversed and judgment is here rendered for appellant, the State of Texas.