## Mrs. Margaret N. Layton *v.* City of New Orleans.

As it respects municipal corporations it has always been held that the law of the State creating them and conferring upon their officers a part of the sovereign authority as mandataries of the government is not a contract, and, as a consequence, that the Legislature may modify such Acts of incorporation at its pleasure.

The Legislature had the power to abolish entirely the corporation of the former city of Lafayette, until it became incorporated in the city of New Orleans, and was finally protected as a part of the same by the Constitution of 1852.

The Acts of the Legislature which, in consolidating the three municipalities and the city of Lafayette under one government, directed that the debts of each, which were to be assessed by the city at large, should alternately be liquidated and paid by taxation of the inhabitants of the respective districts, in proportion to the burden which they imposed upon the new government by their respective debts, were not contracts. There was nothing to prevent the Legislature from changing its policy and providing, as was done by the Act of 12th March, 1856, that the taxes should be equal and uniform within the entire limits of the city. The statute complained of is a literal compliance with the commands of the Constitution, and does not violate any contract or interfere with any vested right.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*A. W. Jourdan,* for plaintiff and appellant. *J. J. Michel,* for defendant.

Merrick, C., J. The plaintiff's counsel states his case as follows, viz:

"The defendants have demanded the payment of certain taxes, known as the 'consolidated loan tax,' which is imposed for the purpose of paying the interest upon and ultimately liquidating the 'consolidated debt' represented by bonds, issued under the Acts of the Legislature of February 23d, 1852, by virtue of which Acts the three municipalities were consolidated, and the city of Lafayette annexed.

"Plaintiffs have enjoined the collection of this tax upon the ground that as residents and property owners in the Fourth District, late city of Lafayette, their property can only be made to pay such a *per centage upon* property in the Fourth District as will raise the sum of *fifty thousand dollars,* the amount fixed by the Act of 1852, as sufficient to pay the interest upon, and, ultimately, the debt of the city of Lafayette; for which debt only, the real estate and slaves in the Fourth District are liable to contribute, so far as regards debts due at the date of the said Acts.

"That said city of New Orleans, have assessed the tax at ninety cents on the one hundred dollars, being the same amount of tax imposed upon the other districts of said city, when in truth, and legally, the tax should not exceed sixty-three cents on the one hundred dollars, and that, by so equalizing said tax, plaintiffs and other property holders in the Fourth District, are made to pay the debts due by the 'old city' and by the three municipalities anterior to the consolidation and annexation.

"Plaintiffs therefore allege that the ordinances and law assessing said consolidated tax, and equalizing it, are in violation of the contract, and vested rights under the Act of 1852, and unconstitutional, ask that such be decreed by this honorable court, and that defendants be perpetually enjoined from collecting said tax.

"Defendants answer by demurring to the petition of plaintiffs, aver that there is no cause of action, plead said exception as an answer, admitting the facts, and submit the case.

LAYTON
*v.*
NEW ORLEANS.

"There was judgment in the District Court maintaining the demurrer and dismissing the suit.

"Plaintiffs have appealed, and ask that the judgment of the District Court be reversed, and that the suit be decided upon its merits, the facts and evidence being admitted."

The statute complained of as unconstitutional is the Act of 12th March, 1856, which makes it unlawful for the City Council to levy any tax whatever, whether on real estate or slaves or movables, except the same be equal and uniform within the entire limits of the city. See Acts of 1856, 68, 69.

It is alleged that this Act violates the contract entered into by the Legislature with the different municipalities and the city of Lafayette, by the Acts of 20th March, 1850, (p 156,) 23d February, 1852, (p. 42,) and particularly the Act of the same date, entitled "An Act supplementary to an Act to consolidate the city of New Orleans and provide for the incorporation of the city of Lafayette and the city of New Orleans." P. 55.

These statutes while they consolidated the three municipalities and the city of Lafayette under one government, called the city of New Orleans, directed that the debts of each, which were to be assumed by the city at large, should ultimately be liquidated and paid by the taxation of the inhabitants of the respective districts in proportion to the burden which they imposed upon the new government by their respective debts, which the city was obliged to assume. The amount which was imposed upon the Fourth District, being the former city of Lafayette, was $50,000 annually. These Acts evidently were based upon the theory that it was right and proper that the inhabitants of each district should be charged with their own debts, and that those which had been judicious and frugal in the management of their municipal affairs ought not to pay the debts of those which had been lavish and prodigal in their expenditures.

The statute of 1856 involves a different theory, viz: that it is just and right that the people at large should pay the debts of the delinquent districts, and that they will derive an equivalent in the general prosperity of the city, in its improved credit, and that those districts which by the new arrangement are more heavily taxed will also be benefited in the end by new improvements which must now be borne by the city at large.

If the Acts of 1850 and 1852 were contracts fixing the amount each district should pay, as alleged by the plaintiffs' counsel, the Legislature was not at liberty to disregard its obligation and change its principles of action. But it may be pertinently asked if there was a contract with whom was it made ? Not with the city of Lafayette, for the Legislature had the power until it became incorporated in the city of New Orleans and was finally protected as a part of the same by the Constitution of 1852, to abolish it altogether.

There was no contract made with the individuals comprising the city of Lafayette, for they did not intervene in the proceeding, nor give an equivalent, nor stipulate in their favor that the State should surrender its power of taxation.

As it respects municipal corporations, it has always been held that the law of the State creating them and conferring upon their officers a part of the sovereign authority as mandataries of the government is not a contract, and, as a consequence, that the Legislature may modify such Act of incorporation at its pleasure. 14 L. R. 406 ; 5 An. 665.

If it has the power to create, modify, or abolish, it has the power to provide in what manner the taxes shall be levied for their support, and how their debts shall be paid upon their dissolution. This is a discretion vested in the Legislature, (with whom is vested the power of judging of the necessity of taxation) and nothing prevents it from changing its policy if it shall deem the necessities of the public so require. The courts can only interfere when it has overstepped the limits prescribed by the Constitution.

<span style="float:right">LAYTON<br>v.<br>NEW ORLEANS.</span>

But it is said that taxation must be equal and uniform. The statute complained of purports to equalize the taxes throughout the limits of the city, and instead of being opposed to the Constitution, is a literal compliance with its commands in this particular.

The evil complained of is not a want of equality in the taxes but the reverse. It is that *the city* is burdened with the debts of the municipalities which the plaintiffs, as citizens of the Fourth District, think they ought not to be compelled to pay *equally* with the inhabitants of those municipalities who contracted them.

Judgment affirmed.