### P. B. Madry et al. v. W. B. Cox.

#### No. 5304.

1. **Cities and Towns.**—The Act of April 12, 1871, which empowered municipal corporations to make donations to railway companies, practically became a part of the charters of cities and towns which were granted prior to the passage of that act.

2. **Donations to Railways.**—The donation made by the town of Bonham in 1873 to the Texas & Pacific Railway on a vote of its citizens under the Act of April 12, 1871, was valid and binding on the town. It was for the Legislature to determine whether afterwards, when the town of Bonham was incorporated as a city, its limits should be extended by charter, and this without regard to the wishes of those included by the extension. The property thus included by the extended limits becomes, in the absence of legislation to the contrary, subject to taxation for all municipal indebtedness existing before the limits of the municipal government were extended.

Appeal from Fannin. Tried below before Hon. R. R. Gaines
The opinion states the case.

*V. W. Hale* and *Chas. D. Grace*, for appellants.—The plaintiffs below not being citizens of the town of Bonham, and their property not being within the corporate limits of said town at the time the contract was made between the town of Bonham and the railroad company, are not bound by the contract.

It was admitted that when the vote was had on the 14th, 15th, 16th, and 17th days of January, 1873, plaintiffs below were not citizens of the town of Bonham and that they had no vote on the proposition to donate the $26,000 to the said railroad company. That subsequently on the

1st day of April, 1873, the Legislature of Texas passed an act amending the charter of the said town of Bonham, extending the corporate limits so as to include the territory in which plaintiffs below then resided. Pasch. Dig., art. 7384.

The Legislature can not arbitrarily enlarge bounds to bring in property for taxation. The act extending the limits of Bonham did not expressly make appellants liable for the old debts, and their non-liability does not injure appellees or the creditor, and appellants are therefore not liable, but Bonham, as it was, is. St. Louis v. Clemens, 52 Mo., 145; New Orleans v. Clark, 95 U. S., 644; Burr. on Tax., sec. 139; 1 Dill. on Mun. Corp., sec. 139; 2 Dill. on Mun. Corp., sec. 814.

The act of the Legislature amending the charter of said town of Bonham had on the 1st day of April, 1873, conferred no power on the mayor and board of aldermen of the city of Bonham to levy a special tax on the property of plaintiffs below to meet the liabilities of the city under its contract with the railroad company. Special Acts 12th Leg., p. ——; Special Acts 13th Leg., pp. 183–5; 1 Dill., sec. 55, and notes; Burr. on Tax., ch. 2, secs. 17–25; Burr. on Tax., ch. 19, secs. 128–30.

The agreed judgment against the city of Bonham in favor of the Texas & Pacific Railroad Company only binds the city of Bonham as it was at the time the debt was contracted and does not include those subsequently legislated into the city by an act of the Legislature extending the limits of the city.

*Richard B. Semple,* for appellee. — 1. The railroad tax having been levied under a judgment enforcing the payment of a debt created by the city of Bonham under the Act of April 12, 1871, "to authorize counties, cities, and towns to aid in the construction of railroads and other works of improvements," is not affected by the special act of the Legislature incorporating said town.

2. The tax is proper and legal. Austin v. G. C. & S. F. R. R. Co., 45 Texas, 234.

3. The extension of the limits of the city of Bonham by the act of the Legislature of Texas was within the power of the Legislature. Norris v. City of Waco, 57 Texas, 635; New Orleans v. Clark, 95 U. S., 644; 1 Dill. on Mun. Corp., sec. 63; Kelly v. City of Pittsburg, 85 Pa. St., 170; Martin v. Dix, 52 Miss., 53.

STAYTON, CHIEF JUSTICE.—In the month of January, 1873, under the Act of April 12, 1871, the town of Bonham, after a vote had been taken as that act required, agreed to make a donation of $26,000 in bonds to the Texas & Pacific Railway Company.

The act incorporating the town of Bonham was amended by a special law approved April 1, 1873. Special Laws 1873, p. 183.

That act changed the name of the corporation and declared that it should be thereafter known as "the city of Bonham," and it extended the corporate limits.

The last section of the amendatory act provided that "nothing herein contained shall be construed to alter, change, or impair any contract or obligation heretofore begun or made by the corporation of the town of Bonham."

After the passage of the Act of April 1, 1873, the railway company, having complied with its undertaking on which the bonds were to be executed, applied for the bonds, but the city refused to issue them, and a suit was then brought which resulted in a compromise judgment through which the railway company became entitled to bonds which were subsequently issued.

In March, 1883, the proper authorities of the city levied a tax to pay the interest and create a sinking fund to meet the payment of the bonds at maturity, and the tax collector was proceeding to collect it when appellants sued out an injunction to restrain him.

The grounds on which the injunction is asked are:

1. That the town had no power under its charter to make the donation to the railway company.

2. That the lands of appellants were agricultural lands, removed from the benefits to be derived from municipal government, and therefore improperly brought within the limits of the municipality.

3. That the lands of appellants were not within the corporate limits at the time the contract with the railway was made, but were brought within by the subsequent act amending the charter; that they were not residents of the corporation at the time the vote was taken to determine whether the donation should be made, and had no voice in determining that question, and therefore were not liable for the tax.

The injunction was dissolved on hearing upon its merits, and from the judgment making final disposition of the case in the court below this appeal is prosecuted.

It may be true that the special act incorporating the town of Bonham did not in terms empower the corporation to make the donation to the railway company, but under the Act of April 12, 1871, such a power was conferred on counties, cities, and towns generally, and this legislation practically became a part of the charters of cities and towns. Pasch. Dig., arts. 7369-7384.

In so far as the validity of the donation in question is concerned, that is conclusively settled by the judgment rendered in favor of the railway company against the city of Bonham.

Whether it was necessary or proper to bring within the limits of the municipal corporation the lands of appellants which they now seek to shield from that taxation imposed on all other property within the city

limits, was a question addressed to the Legislature, whose decision upon it is not subject to revision by the courts.   Norris v. City of Waco, 57 Texas, 635.

The same power which in the first instances may be exercised by the Legislature to create a municipal corporation, fix its boundaries, and impose burdens on its inhabitants for municipal purposes, in the absence of some constitutional restraint doubtless may extend the boundaries of an existing corporation without the consent or even against the remonstrance of a majority or all of the inhabitants of the existing corporation or of the territory to be annexed.   Dill. on Mun. Corp., 185.

When this is done the indebtedness of the corporation continues, and persons within territory annexed will become in the absence of legislation to the contrary subject to taxation for all municipal indebtedness existing before annexation as well as that afterward contracted.   Blanchard v. Bissell, 11 Ohio St., 96; Powers v. Commissioners, 8 Ohio St., 290; Dill. on Mun. Corp., 185 and citations.

On the other hand the Legislature could impose on those living within the old municipal limits the entire burden of taxation to meet indebtedness existing at the time of the annexation of contiguous territory and relieve the inhabitants of the latter therefrom, but in the absence of such legislation it must be held that it was the legislative intention that all property subject to municipal taxation within the increased municipal limits should be subject to taxation to meet a municipal indebtedness without reference to the time of its creation.

It has been held where the act of the Legislature annexing additional territory to a municipal corporation provided that the annexed territory, a city at time of annexation, should be taxed to meet such antecedent debts only as had been created by itself, that by subsequent act the Legislature might subject property to a higher rate of taxation than was necessary to meet such indebtedness even though the tax thus raised went to discharge indebtedness of the corporation to which attached existing before annexation or consolidation was made.   Layton v. New Orleans, 12 La. Ann., 515.

Where a contract was made by a person to do certain paving for a city, and subsequently other territory was annexed by an act of the Legislature, which made no provision as to the liability of the property within the annexed territory to taxation to meet a part of the cost of the paving, the most of which was done after annexation and without the added territory, it was held that a subsequent act relieving the annexed territory from taxation to meet the cost of paving was valid.   United States v. Memphis, 97 U. S., 289.

In disposing of the case the court said:  "It is true the act of 1867 which made the ninth and tenth wards a part of the city did not itself exempt them from any of the liabilities of the municipal corporation of

which they became a part.    It might have given such an exemption, but no discrimination was then made in their favor.    The people resident in them became at once entitled to a common ownership of the city's property and privileges, subject to the same duties as those resting on others. Had the act of 1869 never been passed it must be conceded that they would have been on an exact equality with all other owners of property in the city, equally entitled with them to all municipal rights and privileges, and equally subject to all municipal burdens and charges.    See cases collected in Dillon on Municipal Corporations, sections 36, 136, 633, 634."

The cases referred to illustrate the absolute control the Legislature may exercise over such matters when unrestrained by some constitutional provision, and we know of none of that character existing at the time of the legislation on which the rights of the parties depend.

That the creation of the debt contracted by "the town of Bonham" was authorized only when the requisite number of the inhabitants of the town as it then existed approved of its creation in the manner prescribed by law, does not affect the question whether it is a municipal debt for which "the city of Bonham" under its charter is liable.

However created, the debt became the debt of the city of Bonham, and in the absence of legislation to the contrary it must be held that all property within the corporate limits as fixed by the Legislature is subject to the taxation which appellants seek to avoid.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered April 19, 1889.

Justice Gaines did not sit in this case.