STATE of Texas, Appellant,

v.

**REFRIGERATED TRANSPORT, INC.,**
Appellee.

No. 10862.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 19, 1961.

Will Wilson, Atty. Gen., Morgan Nesbitt, John C. Phillips, Asst. Attys. Gen., Charles E. Crenshaw, Austin, for appellant.

Phinney, Hallman & Pulley, Dallas, for appellee.

ARCHER, Chief Justice.

This is a suit brought by the State of Texas on behalf of the Department of Pub-

lic Safety under the terms and provisions of the Uniform Declaratory Judgments Act (Article 2524-1, Vernon's Ann.Civ.St.) to construe the Certificate of Public Convenience and Necessity issued to appellee, Refrigerated Transport, Inc. In addition, the suit asked for injunction under the provisions of Article 1690b of the Penal Code to restrain the transportation of certain commodities by appellee. Appellee-defendant denied plaintiff's allegations and by cross action prayed for declaratory relief consistent with appellee's interpretation of its certificate. From a judgment denying all relief to all parties the State has appealed.

This litigation concerns the question of what appellee is authorized to transport under its certificate and involves a proper construction of the meaning of the language of the certificate.

Appellee is a specialized motor carrier authorized to transport:

"Meats, vegetables and other commodities requiring refrigeration in transit, between all Texas points within a 300 mile radius of San Antonio, Texas."

■ The prime question is whether appellee is authorized under its certificate to transport for hire in intrastate commerce Hershey's chocolate syrup and cocoa and Wrigley's chewing gum.

The appellant, the State, contends that such commodities do not require refrigeration and that transportation of such is beyond the authority of the certificate, and therefore unlawful, entitling the State to an injunction. Appellee asserts that as to the three commodities that the certificate language means that it is authorized to transport such and to haul any commodity that may be requested by the shipper to be refrigerated, kept cool, or protected from heat.

The State says that the reference to "other commodities" as used in the certificate must be construed to refer to commodities such as "meats and vegetables" in the sense that such "other commodities" will spoil or perish unless refrigerated during the time required for intrastate transit (a period of not more than approximately 15 hours), and further that the word "require" used in its normal sense means "must", "necessary" or "compelled to"; that it is important to a construction of the language of the certificate that is the concept that "physical characteristics" or inherent nature of the commodity itself is the determining factor as to whether such commodity will spoil or perish in transit unless refrigerated.

Appellant emphasizes this because Section 1(i) (4) of the Motor Carrier Law, Article 911b, V.A.C.S., being the section of the statute under which Certificate No. 6629 was issued, states that:

"For the purpose of this Act, the term 'property requiring special equipment' is limited to * * * (4) commodities which by reason of [their] length, width, weight, height, size, or other physical characteristic require the use of special devices, facilities or equipment for their loading, unloading, and transportation."

■ We believe that this is a proper case for the application of the Uniform Declaratory Judgment Act and that the Trial Judge should have granted, as in his judgment was proper, declaratory relief for one or the other of the parties.

The appeal is based on three points and are that the Court erred in refusing to render a declaratory judgment, construing the terms of the certificate with respect to transportation of Hershey's chocolate products and Wrigley's gum; in refusing to grant an injunction because appellee was without authority to transport such mentioned items, because there was no evidence that such items required refrigeration; and because appellee was without au-

thority to transport products and gum in question under the terms of its certificate.

The State sought a declaratory judgment and an injunction, and appellee joined issue by its answer and brought its cross action and alleged that the Court had jurisdiction to determine the questions of interpretation and construction of the order and to declare the rights of the parties thereunder.

The subject matter in this suit involves important questions of public interest. The enforcement officials of the Department of Public Safety are concerned, large shippers as well as smaller ones, are interested, competitive carriers are affected and the appellee has much at stake.

■ The Uniform Declaratory Act furnishes a primary guide to its proper application, and such actions should be liberally construed and in broad scope.

Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; Railroad Commission et al. v. Houston Natural Gas Corporation, Tex.Civ.App., 186 S.W.2d 117, er. ref., w. o. m.

Then too, Article 2524–1, V.A.C.S., provides that any interested person may have determined any question, etc.

■ This is a matter for determination by the Courts, and not for the Railroad Commission. This is not an appeal from an order of the Railroad Commission.

Alamo Express, Inc. et al. v. Brown Express, Tex.Civ.App., 234 S.W.2d 62, er. ref., N.R.E.; Alamo Express, Inc v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815.

The provisions of Article 1690b, Vernon's Penal Code, expressly provide for an injunction. This is the enforcement provision of the Texas Motor Carrier Law, Section (c) of the Article. The injunction was sought on the grounds that the chocolate syrup, cocoa and chewing gum do not require refrigeration in transit and are not authorized by appellee's certificate.

There was no evidence to show that the articles require refrigeration, but that such shippers desired it, and no evidence was tendered to show that either of the commodities by reason of their physical characteristics or inherent nature required refrigeration in intrastate transit. The Trial Court found " * * * The record shows that no complaint has been filed against Refrigerated Transport, Inc. alleging violation of the terms and conditions of the certificate by any law enforcement official of the State of Texas, either in the courts or before the Railroad Commission of Texas."

The Trial Court also found that gum is stored at room temperature between 40 and 50 degrees, and such is maintained by the company until it reaches the break-bulk destination, and it then seeks to move the gum by refrigerated service when available.

Further finding was that bills of lading prepared for shipping of Hershey's chocolate syrup and cocoa state that refrigeration in transit is required and the cartons are marked "keep cool."

The Court further found that a large wholesale grocery concern handles the items mentioned without refrigeration; that some of the common carrier intervenors are moving the products here involved under refrigeration and that another has ordered special equipment to move the products.

The Court's findings also show that the products have been handled and are now being handled in intrastate commerce in nonrefrigerated carrier service as well as in refrigerated service, and that cocoa and chocolate syrup have been handled for 25 years without refrigeration, including original shipment, storage, movement from storage to retail grocers' warehouses.

A witness called by plaintiff and intervenors testified that he had been employed

by a large wholesale grocery concern more than 25 years, 12 years of which as a buyer and salesmanager; that the firm had handled Hershey's syrup and cocoa as well as Wrigley's chewing gum without refrigeration; that the products came by freight, were stored in the warehouse and then moved by truck to the customers; that none of the products were ever under refrigeration. The witness further testified that the products were placed on the shelves in customer's stores and not under refrigeration and remain until sold.

This testimony was uncontroverted and unimpeached.

The findings of the Court are supported by the evidence and show that the products involved do not require refrigeration by reason of their physical characteristics and inherent nature.

The ordinary course of handling these products was not under refrigeration. To apply a test of whether or not the shipper requires the refrigeration is to add to the language of and enlarge the certificate, and would permit the certificate holder to haul almost any shipment tendered.

As we have stated hereinabove, as found by the Trial Court, no complaint has been filed against Transport alleging violations of the terms of the certificate.

Section (c) of Article 1690b, V.P.C., is the enforcement provision of the Texas Motor Carrier Law and provides for injunctive relief to restrain the violation of any provisions of the Act, and that such may be granted upon the application of the Commission, the Attorney General or any District or County Attorney. This suit does not appear to have been so brought.

The judgment of the Trial Court is reversed and judgment here rendered that the certificate held by appellee, being a specialized permit, does not allow the appellant to haul the products mentioned.

Reversed and rendered.