**PLANTATION FOODS, INC., Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS, Appellee.**

**No. 11935.**

Court of Civil Appeals of Texas, Austin.

May 3, 1972.

Rehearing Denied May 24, 1972.

---

Beard & Kultgen, David B. Kultgen, Waco, for appellant.

Crawford C. Martin, Atty. Gen., Rex H. White, Jr., Asst. Atty. Gen., Lanham, Hatchell & Sedberry, Austin L. Hatchell, James, Robinson, Felts, Starnes & Hardin, Mert Starnes, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Plantation Foods, Inc., filed an application with the Railroad Commission for a specialized motor carrier permit to haul agricultural commodities under Tex. Rev.Civ.Stat.Ann. art. 911b. The application was protested by a number of parties having common carriers and specialized motor carrier permits. The Commission denied the application and Plantation appealed to the District Court. The Court sustained the Commission's Order; hence, this appeal.

We affirm.

■ Appellant's single point of error is as follows: "The trial court erred in sustaining the order of the Railroad Commission." [1]

Appellant is an agricultural cooperative whose primary business is processing and marketing turkeys raised by its members. In connection with its primary business it operates eighteen refrigerated trailers which are pulled by trucks or tractors. It has had experience in hauling commodities other than turkeys in that it hauls for hire in interstate commerce. It also has slack periods in which its equipment is not needed for its own business. Consequently, it seeks a specialized motor carrier permit so as to more fully utilize its equipment.

Appellant maintains that the Commission abused its discretion refusing the application in that there is a need for the extra service inasmuch as fruits and vegetables keep longer under refrigeration and refrigerated service is often unavailable to shippers. We infer from Appellant's position that the public convenience and necessity would be enhanced by a granting of the application.

In support of his contention of inadequacy of refrigerated service, Appellant introduced its witness Charles La Grange at the hearing before the Commission. La Grange testified that he is in charge of shipping vegetables for La Casita Farms. La Casita Farms ships 225,000 cartons of lettuce and 125,000 cartons of celery annually. It also ships 160,000 cartons of cantaloupes and 300,000 cartons of honeydew melons each year. La Grange testified that shippers of fruits and vegetables prefer to ship such products under refrigeration. This testimony was not disputed. He further testified that their products can be shipped short distances without refrigeration; that shipment without refrigeration over short distances does not result in any immediate deterioration, but that it does shorten the shelf life of these products when they are delivered to grocery stores.

In addition to La Grange, Roane Lacey, Chairman of the Board of Plantation, testified that there is a shortage of refrigerated equipment to handle transportation of fruits and vegetables in Texas in periods of peak demand.

On cross examination, La Grange was very indefinite and vague as to the exact times that refrigerated transportation was

---

1. We overrule appellee's counterpoints one and two to the effect that appellant's point of error is insufficient to direct the Court's attention to any error of the trial court relied upon and too general for consideration by this Court and that the point is neither briefed nor argued as required by Texas Rules of Civil Procedure, rule 418 and is therefore waived. We rely upon the authority of Cotten v. Republic Nat'l Bank of Dallas, 395 S.W. 2d 930 (Tex.Civ.App.1965, writ ref'd n. r. e.) and Ballard v. Associates Investment Co., 368 S.W.2d 232 (Tex.Civ.App. 1963, writ ref'd n. r. e.) for the proposition that the point will be considered sufficient where the ground upon which appellant apparently relied is disclosed in statements and arguments accompanying the point on appeal.

**510**

unavailable to his operation or as to how great an effort he had made in attempting to secure this type of transport.

Countering Appellant's testimony with respect to the availability of refrigerated transport were witnesses from Red Arrow Freight Lines, Central Freight Lines, Land Trucking Company, Burke Inman, an individual trucker, G. L. Skidmore, an individual trucker and others not necessary to name here. These witnesses testified that there was a sufficient refrigerated transport located in the Rio Grande valley to handle the crops. There was testimony that at some time or other sufficient refrigerated transport would not be available to handle every single load of agricultural products sought to be moved out of the valley, that normally sufficient transport is available to move the produce, and that if there was enough equipment to handle every single situation there would be too much equipment available.

With conflicting evidence, such as we have set out above requiring the expertise of specialists to ascertain in what manner the public convenience and necessity will be better served, the Railroad Commission is the arbiter. This has been said in opinion after opinion by this Court, and in decisions of other Courts and of the Supreme Court. Unless the Commission clearly abuses its discretion in making a decision, this Court cannot substitute its judgment for that of the Commission. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946).

There is ample testimony on the point of availability of refrigerated transport indicating less than full utilization of existing equipment. Even so, there is interline and interchange service offered by many carriers in the area. Under the record presented, we hold that there was substantial evidence upholding the Order of the Commission in refusing the application. Shupee v. Railroad Commission of Texas, 123 Tex. 521, 73 S.W.2d 505 (1934).

In addition, we overrule Appellant's contention that the Commission abused its discretion in refusing the application for the permit in that shipper preference for refrigerated equipment is ignored. Preference is not the controlling factor or element on consideration of the question of public convenience and necessity. State of Texas v. Refrigerated Transport, 348 S.  W.2d 241 (Tex.Civ.App.1961, error ref'd n. r. e.).

The judgment of the trial court is affirmed.

Affirmed.