ALLIED VAN LINES, INC., et al., Appellants,

v.

CENTRAL FORWARDING, INC., et al., Appellees.

No. 5515.

Court of Civil Appeals of Texas, Waco.

March 25, 1976.

Rehearing Denied April 15, 1976.

Doherty, Robertson & Maxwell, Pat H. Robertson, Austin, for appellants.

Robinson, Felts, Starnes & Nations, Mert Starnes, Austin, for appellees.

OPINION

JAMES, Justice.

This case involves the interpretation of the meaning of the motor carrier authority contained in a Specialized Motor Carrier Certificate issued by the Railroad Commission of Texas. The trial court sustained the plea in abatement filed by Defendant-Appellees and dismissed the suit of Plaintiff-Appellants Allied Van Lines, Inc., et al. We affirm.

Plaintiff-Appellants Allied Van Lines, Inc., and seven other motor carriers filed this suit against Defendant-Appellees Central Forwarding, Inc., and Public Service Movers, Inc., seeking a declaratory judgment to interpret the meaning of the motor carrier authority contained in Specialized Motor Carrier Certificate No. 31166 which was under lease from Public Service to Central Forwarding, Appellees herein. The suit also sought injunctive relief against Appellees. The certificate in issue conferring the intrastate right to haul for hire reads as follows:

"Household goods from Dallas, Texas, to and from all points in Texas."

Appellants sought in the trial court a declaratory judgment interpreting the motor carrier authority in issue as authorizing Appellees to transport:

"Household goods from Dallas to all points in Texas, and from all points in Texas to Dallas."

Appellants Allied Van Lines, Inc., et al., are all holders of authority authorizing the transportation of household goods to, from, or between specified points in Texas, are competitors of Appellees, and by said suit sought to protect their vested property rights in their existing motor carrier operating authorities.

Appellees Central Forwarding et al., filed a plea in abatement to Appellants' suit alleging in effect that Appellants were barred from bringing the instant suit because the same issues were litigated prior thereto in the case of The State of Texas v. Central Forwarding, Inc., Cause No. 198,-083, in the 200th District Court of Travis County, Texas, which last-named cause resulted in a final judgment dated December 28, 1972.

On June 8, 1972, while the certificate in issue was owned by Central Forwarding,

the Attorney General of Texas, at the request and on behalf of the Department of Public Safety, and in the name of The State of Texas, pursuant to Article 911b, Vernon's Texas Civil Statutes, Article 1690b of Vernon's Penal Code (now Section 16, Article 911b, V.T.C.S.), and Article 2524–1, V.T.C.S., brought an action for declaratory judgment and injunctive relief, which cause was styled, *"The State of Texas v. Central Forwarding Inc.,"* No. 198,083, in the 200th District Court of Travis County, Texas. As stated above, this last-named suit resulted in a judgment dated December 28, 1972, in which judgment the trial court was called upon to construe the identical Specialized Motor Carrier Certificate as the same trial court was called upon to construe in the case at bar. In *State v. Central,* the judgment construed the certificate to authorize Central Forwarding to transport "household goods to and from all points in Texas," without reference to the words "from Dallas, Texas"; in fact, it held the words "from Dallas, Texas," to be mere surplusage. The judgment in *State v. Central* was not appealed, and same became a final judgment.

Thereafter, and after the judgment in *State v. Central* had become a final judgment, on April 8, 1974, Plaintiff-Appellants Allied Van Lines, et al., filed the instant suit against Appellees Central Forwarding, et al., for declaratory judgment and injunctive relief, seeking to obtain a construction of the motor carrier's certificate contrary to the construction placed on same by the judgment of the court in *State v. Central.*

As stated, Defendant-Appellees filed a plea in abatement in the case at bar, which was sustained by the trial court, resulting in a dismissal of Plaintiff-Appellants' suit.

The trial court filed findings of fact and conclusions of law. We herewith quote pertinent portions of the conclusions of law:

"2. Plaintiffs are precluded from maintaining this suit by virtue of this court's prior Final Judgment in Cause No. 198,083, *State of Texas v. Central Forwarding, Inc.,* because the subject matter and issues involved in this suit, and the relief sought herein, are precisely the same subject mat-

ter, issues and relief involved and sought in *State of Texas v. Central Forwarding, Inc.,* and Section 16 of Article 911b (formerly Article 1690b of the Penal Code) authorizes and empowers the State of Texas, on behalf of the Department of Public Safety, by and through the Attorney General, to enforce the Motor Carrier Law, Art. 911b, V.A.T.S., and to represent all citizens and entities of the state which are interested therein, and judgments rendered in Section 16 proceedings are binding upon all persons.

"3. The judgment of this Court in *State of Texas v. Central Forwarding, Inc.,* is a judgment *in rem,* declaring the meaning, status and scope of that authority now contained in Specialized Motor Carrier Certificate No. 31166, and is binding upon all the world, including these Plaintiffs.

"4. Plaintiffs are bound by this Court's prior judgment in Cause No. 198,083 under the doctrines of res judicata and collateral estoppel because the necessary identity of parties between that prior suit and this suit is established under Art. 1690b of the Penal Code (and now under Section 16 of Article 911b), as in suits instituted under such statute the State and its Departments represent all persons interested in the subject matter of such proceedings, and because the matters adjudicated in *State of Texas v. Central Forwarding, Inc.,* were necessarily matters affecting the public interest, and the State of Texas therefore virtually represented all its citizens interested in the subject matter thereof, including these Plaintiffs."

Appellants among other things assert error of the trial court in holding:

(1) that Section 16 of Article 911b, V.T.C.S., authorizes and empowers the State of Texas, on behalf of the Department of Public Safety, by and through the Attorney General, to enforce the Motor Carrier Law (Article 911b, V.T.C.S.) and to represent all citizens and entities of the State which are interested therein, and judgments rendered in Section 16 proceedings are binding upon all persons.

(2) That the prior decision in *State of Texas v. Central Forwarding Inc.,* is a judg-

ment *in rem* and binding against Appellants.

(3) That the matters adjudicated in *State of Texas v. Central Forwarding, Inc.*, were matters affecting the public interest, and that Appellants were virtually represented by the State of Texas in the prior suit.

Since we are of the opinion that the prior judgment is a judgment in rem; and further, that in the case at bar the doctrine of virtual representation applies, we overrule the above-mentioned points of error asserted by Appellants and affirm the judgment of the trial court.

■ At the outset, let us say that there is no question but that the matter of construction of the Specialized Motor Carrier Certificate in question, and the business of operating as a motor carrier of property for hire along the highways of this State are matters affected with the public interest. Section 22b, Article 911b, Vernon's Texas Civil Statutes; *State of Texas v. Refrigerated Transport, Inc.*, (Austin CA 1961) 348 S.W.2d 241, 243, NRE.

■ The precise question that we are obliged to answer is this: Is this final judgment (in *State v. Central*) wherein suit was brought by the State of Texas (by and through the Attorney General in behalf of the Department of Public Safety) pursuant to Section 16 of Article 911b, binding upon private persons (such as these Plaintiff-Appellants) who later determine that they have a competitive interest in a different result? In the light of existing authorities, we answer this question, "yes" and thereby affirm the trial court's judgment.

Without detailing the provisions of Section 16 of Article 911b, V.T.C.S., suffice it to say that the Attorney General of Texas and the State Department of Public Safety are charged by said statute with the responsibility of enforcing the Motor Carrier Act (Art. 911b). The Attorney General has the authority and power to bring suits in the name of the State of Texas in order to enforce and prevent violations of said Act. In *State v. Central*, the State of Texas brought such an action against Central For-

warding pursuant to the Uniform Declaratory Judgments Act, Art. 2524–1, V.T.C.S., to construe the identical Specialized Motor Carrier Certificate now in question in the instant suit, and for injunction to prohibit Central Forwarding from hauling household goods to and from all points in Texas. In other words, the State sought to limit Central's operations under that authority to operations to and from Dallas. The State in said suit was seeking to get the court to construe the certificate in substantially the same manner as Plaintiff-Appellants were trying to get the trial court to construe it in the instant case.

The State lost its lawsuit in *State v. Central*, since the court held by said judgment that under said certificate Central Forwarding was authorized to transport household goods to and from all points in Texas, and that the language "from Dallas, Texas," was mere surplusage. As heretofore stated, this was and is a final judgment.

The rule which in our opinion is determinative of the case at bar is stated in *Cochran County v. Boyd* (Amarillo CA 1930) 26 S.W.2d 364, writ refused, as follows:

"The general rule is that, in the absence of fraud and collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents, citizens, and taxpayers, in respect to the matters adjudicated which are of *general and public interest*, and that all other citizens and taxpayers similarly situated are *virtually represented* in the litigation and bound by the judgment  *  *  *."

"The reason for this rule is  *  *  * as follows: If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself.  *  *  * If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment." Also see *Hovey v. Shepherd* (Tex.1912) 105 Tex. 237, 147 S.W. 224, 225, wherein our Supreme Court said: "The intervenors were

not parties to the suit of the *City of Sweetwater v. Kansas City, Mexico & Orient Railroad Company* [62 Tex.Civ.App. 242, 131 S.W. 251] (citation) at the time the judgment of this court was entered, but they were citizens of that municipal corporation, and the important question in the case is reached by the announcement of the well-settled proposition of law that, *if the matter adjudicated affected the interest of the public as distinguished from the private interest of the citizens of the city, although not parties to the suit, all citizens are concluded thereby.*" (emphasis supplied). Also see *Maddrey v. Cox* (1889) 73 Tex. 538, 11 S.W. 541; *City of Palestine v. City of Houston* (Texarkana CA 1924) 262 S.W. 215, writ of error dismissed for want of jurisdiction by our Supreme Court in 267 S.W. 663. In said last-named cause it was held that the people of the State, as well as of the city, were bound by the former judgment. Also see *Williams v. White* (San Antonio CA 1949) 233 S.W.2d 278, writ refused; *Hodgkins v. Sansom* (Fort Worth CA 1939) 135 S.W.2d 759, writ dismissed, judgment correct; *Arneson v. Shary* (San Antonio CA 1930) 32 S.W.2d 907, appeal dismissed for want of a substantial federal question by the U. S. Supreme Court in 284 U.S. 592, 52 S.Ct. 202, 76 L.Ed. 510. Also as illustrative of the application of the doctrine of virtual representation wherein the citizens of an entire state were bound by a former judgment, see *City of Tacoma v. Taxpayers of Tacoma* (U.S.Sup.Ct.1958) 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345.

■ It should further be pointed out that the judgment in *State v. Central* is a judgment *in rem*, because it declared and determined the status of a thing, to wit, the Specialized Motor Carrier Certificate in question. 34 T.J.2d, "Judgments," par. 360, p. 374. This being so, said judgment was and is binding on all parties who have an interest in the subject matter of the suit, whether they were parties to the former suit or not, particularly since the former judgment adjudicated matters of public interest. *McCamant v. Roberts* (Tex.1886) 66 Tex. 260, 1 S.W. 260. Also see *State v. McMurrey Petroleum Corp.* (Texarkana CA

1943) 168 S.W.2d 504, 506, and the cases therein cited; 34 T.J.2d, "Judgments," par. 364, p. 378.

In the light of the foregoing authorities, we hold that Plaintiff-Appellants Allied Van Lines, et al., although they were not formal parties in *State v. Central*, were nevertheless bound by the judgment in said cause and are thereby barred from relitigating the issues determined by said judgment. Accordingly, the trial court properly sustained Appellees' plea in abatement and dismissed Plaintiff-Appellants' cause. Judgment of the trial court is affirmed.

AFFIRMED.