OAK LAWN PRESERVATION
SOCIETY, Appellant,

v.

BOARD OF MANAGERS OF DALLAS
COUNTY HOSPITAL DISTRICT et
al., Appellees.

No. 18972.

Court of Civil Appeals of Texas,
Dallas.

June 29, 1976.

**168**

Joe Harrison, Morris I. Jaffe, Wynne & Jaffe, Dallas, for appellant.

Earl Luna, Dallas, for appellees.

AKIN, Justice.

This is an appeal by plaintiff from an order of dismissal sustaining a plea in abatement based on *res judicata*. The principal question presented is whether the trial court correctly sustained the plea of *res judicata* because of a federal court's post-judgment order directing the Dallas County Commissioner's Court to acquire the Wood-lawn Hospital facility for use as a minimum security jail. Because we hold that it is not *res judicata,* we reverse and remand for trial.

The Oak Lawn Preservation Society, a non-profit corporation, filed suit against the Board of Managers of the Dallas Hospital District; the Honorable John Whittington, Dallas County Judge; and James Jackson and Roy Orr, two of the Dallas County Commissioners, seeking a declaratory judgment pursuant to Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965). Plaintiff alleged that the defendants Whittington, Orr, and Jackson, constituting a majority of the Dallas County Commissioners Court, had voted to acquire the Woodlawn Hospital facility from the Dallas County Hospital District for use as a minimum security jail. Plaintiff alleged further that for the Hospital District to permit Woodlawn to be used for a minimum security jail would violate Tex.Rev.Civ.Stat.Ann. art. 4494n (Vernon 1966) which established a standard as to the type of contract into which the Hospital Board could enter. Since the hospital district was created and funded by an election in 1954 for hospital purposes, plaintiff contended that the Hospital District had neither the right nor authority to permit its property to be used as a jail. Plaintiff alleged that the proposed agreement between the Commissioners and the Hospital District created a controversy between plaintiff and defendants justifying declaratory relief. In response, defendants filed an unsworn motion to abate and dismiss the

cause on the sole basis that the United States district court had approved the use of Woodlawn as a jail and had directed the Commissioners to acquire it. Defendants contended that this order of the federal court was *res judicata* as to this cause. Defendants' motion was sustained and plaintiff appealed.

■ Since the only ground upon which defendants predicated their motion and plea in abatement was *res judicata,* this was the only apparent basis for the trial court's dismissal.[1] The doctrine of *res judicata* applies only where all of these elements exist: Identity of parties, issues, subject matter, relief sought and cause of action. *Lozano v. Patrician Movement,* 483 S.W.2d 369, 371 (Tex.Civ.App., San Antonio 1972, writ ref'd n. r. e.); *Coulson v. City of San Angelo,* 286 S.W.2d 202, 204 (Tex.Civ.App., Austin 1956, writ ref'd n. r. e.). The burden of proving these elements by a preponderance of the evidence at the hearing on the plea in abatement is upon the party asserting it unless each is established as a matter of law by the plaintiff's petition. *E. g., Hastings v. Royal-Globe Insurance Companies,* 521 S.W.2d 869, 872 (Tex.Civ.App., San Antonio 1975, no writ). In the hearing on the plea in abatement, no testimony was taken; however, by stipulation of the parties three documents were introduced into evidence: (1) The deed transferring Woodlawn from the City of Dallas to the County of Dallas; (2) an order dated March 2, 1976, of the United States District Court for the Northern District of Texas in Cause No. CA–3–5220–B styled *Joseph Taylor et al. v. W. L. Sterrett et al.;* and (3) an opinion of the District Attorney of Dallas County dated February 20, 1975, concerning article 4494n and his opinion of its effect on the disposition of Woodlawn. The only item even remotely bearing on defendants' plea of *res judicata* is the order of the federal court. That order on its face shows a lack of identity of parties and concerns regulation of the jail facilities operated by Dallas County. The only possible reference to any matter in this case is a provision directing the Commissioners Court to proceed to acquire Woodlawn as a jail facility.

■ This order was a post-judgment order in the case of *Taylor v. Sterrett,* 344 F.Supp. 411 (N.D.Tex.1972). That case was a civil rights decision under the first, eighth, and fourteenth amendments to the United States Constitution in which inmates of the Dallas County jail asserted certain constitutional rights and in which the federal court ordered the Commissioners to upgrade the jail facilities. The defendants rely on the post-judgment order which states that the federal district judge approved the proposal of the Commissioners to use Woodlawn as a jail and directed them to proceed. Neither this order nor the decision in *Taylor v. Sterrett, supra,* adjudicates the present controversy. This case concerns an interpretation of whether article 4494n authorizes the Hospital Board to lease or sell Woodlawn to the Commissioners for use as a jail. This question was not presented to the federal court, and, consequently, was not adjudicated in that proceeding. As we read the order of the federal court, the issue decided was whether use of Woodlawn would be in compliance with its previous order to provide an adequate jail, not whether the Hospital District could properly authorize use of its property for that purpose. This issue can be determined only in a proceeding to which the Hospital District is a party. Consequently, the doctrine of *res judicata* is not applicable.

Nor are we persuaded that this case is controlled by the decision of *Allied Van Lines, Inc. v. Central Forwarding, Inc.,* 535 S.W.2d 412 (Tex.Civ.App., Waco 1976, writ filed). In that suit, Allied Van Lines and seven other motor carriers filed suit seeking a declaratory judgment to interpret the meaning of a motor carrier certificate which conferred upon Central Forwarding the right to haul for hire household goods from Dallas to all points in Texas. Allied

---

1. Although we doubt that *res judicata* is a matter of abatement justifying dismissal of an action rather than an affirmative defense to be determined on final judgment, this point has not been raised in the present appeal.

and Central were competitors and Allied sought by the suit to protect its property rights in the existing motor carrier operating authorities. Central filed a plea in abatement alleging that Allied was barred from bringing the suit because the same issues had been litigated in a prior action in the district court of Travis County. That prior suit was initiated by the Attorney General of the State of Texas and resulted in a judgment construing certificate no. 31166. Thereafter, Allied instituted suit against Central Forwarding seeking to obtain a construction of the *exact same* motor carrier certificate. The trial court sustained the plea in abatement. The court of civil appeals reasoned that where *matters adjudicated* affect the public generally a judgment is binding upon all residents, citizens and taxpayers pursuant to the doctrine of virtual representation. *Id.* at 415–16. The court concluded that since the matters litigated by the attorney general involved the same issues sought to be adjudicated by Allied, the former suit effectively bound Allied. *Id.* at 415.

Defendants also argue that the trial court properly dismissed the suits because the federal court has retained continuing jurisdiction. They conclude that any order in the present case granting relief to appellants would interfere with the order of the federal court. We cannot agree. Since defendants' motion to abate was predicated solely on *res judicata,* and, since defendants made no showing in the trial court that the present proceeding would interfere with any further proceedings in the federal court, we cannot consider this argument as justifying dismissal of this action. An appellee cannot try the case on one theory and have judgment entered in his favor and then have such judgment affirmed on a different theory. *National Life & Accident Insurance Co. v. Wigley,* 96 S.W.2d 154 (Tex.Civ.App., Galveston 1936, writ dism'd).

Moreover, 28 U.S.C. § 2283 (1965) authorizes a federal court to restrain a state court proceeding when necessary to protect its jurisdiction. If prosecution of this action will interfere with the orders of the

federal court, that court can entertain an application to restrain this proceeding and then, presumably, plaintiff, as well as defendants, will have an opportunity to present its contentions to the federal court.

Reversed and remanded.

CLAUDE WILLIAMS, C. J., not sitting.