**OAK LAWN PRESERVATION SOCIETY et al., Appellants,**

v.

**BOARD OF MANAGERS OF DALLAS COUNTY HOSPITAL DISTRICT, Appellee.**

No. 19478.

Court of Civil Appeals of Texas, Dallas.

April 6, 1978.

Joe B. Harrison, Wynne & Jaffe, Dallas, for appellants.

Thomas V. Murto, III, Earl Luna, Luna & Murto, Dallas, for appellee.

GUITTARD, Chief Justice.

This appeal involves another attack by neighboring property owners on a lease of the property formerly used as Woodlawn Hospital to Dallas County for use as a minimum security jail. Plaintiffs are Oak Lawn Preservation Society, a non-profit corporation composed of property owners in the Oak Lawn area, and four individual property owners. They sued the Board of Managers of the Dallas County Hospital District for a declaration that the district's lease of the property to the county was illegal and void and for an injunction restraining the district from permitting its property to be used for any purpose other than providing medical care to the needy. The district moved for summary judgment on the ground that plaintiffs lacked standing to sue and on the ground that a judgment to which plaintiffs were not parties was res judicata of their claim under the doctrine of virtual representation. We do not decide the standing issue because we hold that even if plaintiffs have standing to bring this suit, they were virtually represented in the former suit by parties with the same interests and they are now barred by res judicata. Accordingly, we affirm the summary judgment.

The applicability of the doctrines of res judicata and virtual representation must be determined in light of the history of this litigation. Plaintiff Oak Lawn Preservation Society and the other plaintiffs origi-nally sued the hospital district in the 14th District Court for the same relief now sought, alleging that the district's lease of the former Woodlawn Hospital to the county for a jail violated article 4494n, Tex.Rev. Civ.Stat.Ann. (Vernon 1976) which provides for the organization of hospital districts and declares their purpose to be "to furnish medical aid and hospital care to the indigent and needy persons residing in said Hospital District." The district moved to dismiss and abate on the ground that a previous order of the United States District Court in *Taylor v. Sterrett*, 344 F.Supp. 411 (N.D.Tex.1972) was res judicata of the issues raised by the Oak Lawn plaintiffs. The 14th District Court sustained the motion to dismiss, and, on appeal, this court reversed and remanded for further proceedings on the ground that the order of the federal court had not adjudicated the validity of the lease. *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District*, 539 S.W.2d 167 (Tex.Civ.App.—Dallas 1976, no writ).

After remand, the Oak Lawn suit was consolidated with another property-owner suit, *Rosenthal et al. v. Whittington et al.*, then pending in the 101st District Court. After the consolidated suit went to trial and testimony began, a difference arose between counsel for the two groups of plaintiffs concerning trial tactics, and the Oak Lawn plaintiffs voluntarily dismissed their suit in that court and subsequently filed this suit in the 134th District Court.

Meanwhile, the *Rosenthal* suit proceeded in the 101st District Court. The Rosenthal plaintiffs had alleged in their amended petition that they were property owners and taxpayers in the Oak Lawn neighborhood, and they brought their suit not only against the hospital district but also against the commissioner's court of Dallas County. They sought to set aside the same lease between the hospital district and the county on the ground that use of the former Woodlawn Hospital as a jail constituted a nuisance in that it would cause the Oak Lawn neighborhood to deteriorate, and that the lease would violate the standards for county

jails provided by articles 5115 and 5115.1, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1978). They asserted that the lease would also violate article 4494n, which, they alleged defined the purposes of hospital districts and thereby impliedly prohibited use of their property for other purposes. They further alleged that the action of the commissioner's court in leasing the property of the district was taken in bad faith and was arbitrary, fraudulent and an abuse of power.

In a pretrial conference, the Rosenthal plaintiffs waived the issue of whether the commissioner's court or the hospital district had acted arbitrarily, unreasonably or in bad faith, but they preserved for trial the issues of whether the lease and use of the former hospital as a jail was illegal and beyond the power of the hospital district and the commissioner's court, and they also reserved their claim of nuisance. The only issues submitted to the jury concerned the nuisance theory, but the trial court's judgment, which denied the Rosenthal plaintiffs any relief, adjudged and decreed "that the lease between the Dallas County Hospital District and Dallas County, Texas, dated the 30th day of March, 1976, is a legal, binding and valid agreement between the parties thereto and is in full force and effect." After this judgment was rendered, the hospital district pleaded it as res judicata to the suit of the Oak Lawn plaintiffs in the 134th District Court, and moved for summary judgment on that ground, as well as on the ground of lack of standing of the Oak Lawn plaintiffs to raise the question of validity of the lease. In response to this motion, the 134th District Court rendered the judgment from which the present appeal is taken.

The Oak Lawn plaintiffs, as appellants here, contend that the doctrine of virtual representation is not applicable because the *Rosenthal* case was pleaded and tried on the theory that use of the former hospital as a jail would constitute a nuisance, an issue that was not a matter of general public interest because its effect was limited to property owners in the immediate area, and that the issue of whether the lease agreement was illegal was not actually litigated or adjudicated. We conclude that the record does not support this contention. Although the issues submitted to the jury in that case concerned only the nuisance theory, the summary-judgment proof now before us shows that the question of the validity of the lease under article 4494n was expressly reserved at the pretrial conference and that the Rosenthal plaintiffs waived only the issue of whether the commissioner's court and the hospital board acted arbitrarily and unreasonably in entering into the lease. As shown by that part of the judgment quoted above, the 101st District Court expressly adjudged and decreed that the lease was "a legal, binding and valid agreement between the parties thereto and in full force and effect." Thus, it appears that the Rosenthal judgment decides the very question presented in the case now before us. Consequently, the doctrine of virtual representation bars the recovery sought by the Oak Lawn plaintiffs in the 134th District Court. *Allied Van Lines v. Central Forwarding, Inc.*, 535 S.W.2d 412 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Cochran County v. Boyd*, 26 S.W.2d 364 (Tex.Civ.App.—Amarillo 1930, writ ref'd).

These plaintiffs argue further that the hospital district was not entitled to summary judgment on the ground that the lease was authorized as a matter of law since there was a fact issue as to whether the board exercised its statutory power arbitrarily, unreasonably, and capriciously. Plaintiffs point out that this issue was expressly waived by the Rosenthal plaintiffs in their suit, and thus plaintiffs insist that the doctrine of virtual representation does not apply here. In support of this argument, plaintiffs apparently rely on the opinion of this court in *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District*, 539 S.W.2d 167, 169 (Tex.Civ.App.—Dallas 1976, no writ). As already noted, that decision was made in an earlier appeal in this same controversy. In that case, the hospital district relied on an order of the United States District

Court, in which the hospital district was not a party, directing the commissioner's court to acquire the former Woodlawn Hospital for use as a minimum security jail. The hospital district had not been a party to the suit in the federal court, and no issue of the validity of a lease of the hospital, or of the power of the district to make such a lease, had been raised. We refused to apply the doctrine of virtual representation in that case because, we said, the issue as to whether the hospital district could properly authorize use of its property as a jail could be determined only in a proceeding to which the hospital district was a party.

 That decision should not be construed as limiting the doctrine of virtual representation to issues actually decided in the earlier suit. The rule of res judicata bars litigation connected with a cause of action or defense which, by the use of reasonable diligence, might have been tried in the former action as well as those actually tried. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971). The full scope of the rule applies to members of the public who have similar interests under the doctrine of virtual representation, as expressly held in *Cochran County v. Boyd, supra,* and also in *Hodgkins v. Sansom,* 135 S.W.2d 759 (Tex.Civ.App.—Fort Worth 1940, writ dism'd, judgmt. correct). Under these authorities, we hold that whether the hospital district acted arbitrarily, unreasonably, or capriciously was a question that could and should have been decided in the *Rosenthal* case, and the fact that the Rosenthal plaintiffs waived that issue does not now give them, or any other property owners or taxpayers in their same position, the right to raise the same issue in subsequent litigation. If the law were otherwise, one citizen after another could extend indefinitely litigation concerning the same act of a public body by attacking it on one new theory of law after another. This is the very problem that the doctrine of virtual representation is intended to avoid. *Cochran County v. Boyd, supra.*

Accordingly, we hold that the trial court properly rendered summary judgment on the ground that the judgment of the 101st District Court in the *Rosenthal* case adjudging that the lease between the county and hospital district was "legal, valid, and binding" bars the present plaintiffs, who are in virtually the same position, from attacking the same lease on the ground that the hospital board acted arbitrarily, unreasonably and capriciously.

Affirmed.