

# The Attorney General of Texas

**MATTOX**
· ney General

ne Court Building
Jox 12548
tln, TX. 78711- 2548
475-2501
910/874-1367
pler 512/475-0266

ckson, Suite 700
J, TX. 75202-4506
742-8944

Alberta Ave., Suite 160
Paso, TX. 79905-2793
33-3484

1 Texas, Suite 700
ton, TX. 77002-3111
5886

roadway, Suite 312
ock, TX. 79401-3479
8/747-5238

N. Tenth, Suite B
cAllen, TX. 78501-1685
2/682-4547

0 Main Plaza, Suite 400
Antonio, TX. 78205-2797
225-4191

Equal Opportunity/
rmative Action Employer

December 21, 1984

Honorable Ed Howard
Chairman
Sub-committee on Nominations
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No. JM-258

Re:   Whether a hospital district
created by chapter 298, Acts 1963,
Fifty-eighth Legislature, may
lease a portion of its physical
plant to private physicians

Dear Senator Howard:

The Titus County Hospital District is a county-wide hospital
district created by chapter 298, Acts 1963, of the Fifty-eighth
Legislature, under authority of article IX, section 9 of the Texas
Constitution.   You ask whether this hospital district may lease a
portion of its physical plant to private physicians for a term of less
than one year, provided lease revenues are paid to the hospital's
general operating fund.   From your question, we assume that the
physicians would be leasing the facilities for offices in which to
engage in the private practice of medicine.   It is our opinion that
the Titus County Hospital District lacks authority to lease its
facilities for that purpose.

A hospital district derives its power from the constitution and
the act creating the district.   See Attorney General Opinion M-171
(1967).   A special purpose district may "exercise only the powers that
are expressly delegated to it by the Legislature, or which exist by
clear and unquestioned implication."   Tri-City Fresh Water Supply
District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 946 (Tex.
1940).   The Texas Supreme Court has stated that such implied powers
are those that are "indispensable to . . . the accomplishment of the
purpose" for which the district is created and that powers which are
not expressed and are "merely convenient or useful" may not be
conducted by the district.   Id. at 947.

Article IX, section 9 of the constitution provides, in part:

> Sec. 9.   The Legislature may by law provide for
> the creation, establishment, maintenance and
> operation of hospital districts composed of one or
> more counties or all or any part of one or more
> counties with power to issue bonds for the
> purchase, construction, acquisition, repair or
> renovation of buildings and improvements and

equipping same, for hospital purposes; providing for the transfer to the hospital district of the title to any land, buildings, improvements and equipment located wholly within the district which may be jointly or separately owned by any city, town or county, providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants and. . . . (Emphasis added).

As originally enacted and subsequently amended, chapter 298, Acts 1963, Fifth-eighth Legislature, in pertinent part, provides:

Section 1.  In accordance with the provisions of Article IX, Section 9, Constitution of the State of Texas, this Act shall be operative so as to authorize the creation, establishment, maintenance and operation of a Hospital District within the State of Texas, to be known as Titus County Hospital District, and the boundaries of said District shall be coextensive with the boundaries of Titus County (hereinafter referred to as the 'County'), and said District shall have the powers and responsibilities provided by the aforesaid Constitutional provision.

Sec. 2.  That said District hereby provided for shall assume full responsibility for providing medical and hospital care for the needy residing within the District. . . .

. . . .

Sec. 14. Neither the County nor any city therein shall, after the Hospital District has been organized in pursuance of this Act, levy any tax for hospital purposes; and such Hospital District shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said Hospital District from the date that taxes are collected for the Hospital District. (Emphasis added).

The Titus County Hospital District is expressly authorized and directed by article IX, section 9 of the constitution and the enabling statute to acquire and manage physical plant facilities for hospital purposes and to provide medical and hospital care for the needy residing in the district. Implied powers of the district must further the purposes for which the district is created, namely, hospital purposes and medical care of needy inhabitants.

We conclude that the Titus County Hospital District derives from the constitution and enabling statute no express or implied power to lease on any terms a portion of its hospital property for use as private offices for private physicians. This office previously concluded that even when a county had statutory authority to lease a county hospital to be operated as a hospital, the county did not thereby acquire authority to lease portions of its hospital for use as private medical offices. See Attorney General Opinion H-16 (1973). See also Attorney General Opinion H-31 (1973). Cf. Sullivan v. Andrews County, 517 S.W.2d 410 (Tex. Civ. App. - El Paso 1974, writ ref'd n.r.e.) (express statutory authority to lease medical facilities). But see Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District, 566 S.W.2d 315, 317 (Tex. Civ. App. - Dallas 1978, writ ref'd n.r.e.) (validity of lease between hospital district and county for use of former hospital as jail not an issue determined on appeal); Attorney General Opinion M-912 (1971) (hospital district with authority to contract with private hospital and doctors for laboratory testing to be performed with hospital laboratory equipment). Whereas laboratory testing is a hospital function, offices for the private practice of medicine are not "hospital purposes" or the provision of "medical or hospital care for the needy."

The powers of the hospital district in question are measured by the terms of article IX, section 9 and chapter 298, of the Fifty-eighth Legislature, which created the district, neither of which contains an express or implied grant of authority to lease hospital facilities for use as anything other than hospital purposes and the provision of medical hospital care for its needy inhabitants.

### S U M M A R Y

The Titus County Hospital District has neither express nor implied authority to lease part of its physical plant to private physicians for use as private medical offices.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General